In the Matter of Marty LANE in re Certain Proceedings before the December 1962 Grand Jury.

No. 10845.

United States District Court
N. D. Illinois, E. D.

July 2, 1963.

James P. O'Brien, by Robert S. Bailey, Asst. U. S. Atty., Chicago, Ill., for United States.

Mitchell Caplan, Chicago, Ill., for Marty Lane and Keno Mosi.

CAMPBELL, Chief Judge.

The United States Attorney has filed an affidavit and orally represented to me that he, for and through the Grand Jury, is presently conducting an investigation which includes, but is not necessarily limited to, violations of the Federal Communications Act (Title 47 U.S.C.)—more specifically § 203 of that Act. The United States Attorney has further represented to this Court that the testimony of the witness now presented before me by the Grand Jury, Marty Lane, is necessary to the proper fulfillment of this investigation.

A record of the Grand Jury transcript submitted to me shows that the witness, Marty Lane, has on her previous appearances before the Grand Jury claimed her constitutional privilege against self-incrimination and has refused to answer most of the questions asked of her. The United States Attorney has not claimed, as indeed he could not, that this reliance on her constitutional rights was improper or unjustified.

However, the United States Attorney now desires to offer immunity to the witness under § 409(*l*) of the Federal Communications Act. Before me now is a petition to this effect which also seeks an order directing the witness to testify and produce evidence before the Grand Jury.

Witness's counsel in a memorandum opposing the Government's present petition calls the Court's attention to United States v. Portell, (In re Portell) found in 7 Cir., 245 F.2d at page 183 (not page 193 as cited in the memorandum). I fail to find any relationship between Portell and the present situation, there was no immunity sought, offered, or even mentioned in Portell. Likewise, a review of the other cases cited in the witness's memorandum reveal an absence of discussion relative to immunity statutes. Moreover, the memorandum's quote from Hoffman v. United States, 341 U.S. 479, at 486, 71 S.Ct. 814, at 818, 95 L.Ed.

1118, to the effect that the privilege against self incrimination extends to answers which would " \* \* \* furnish a link in a chain of evidence \* \* \*", not only is unrelated to the present issue, but, had witness's counsel continued on and read the very next line in Hoffman he would have noted that self incrimination " \* \* \* protection must be confined to instances where the witness has a reasonable cause to apprehend danger from a direct answer. \* \* \*" The action of the government in this case, in offering immunity to the witness, negates the possibility of her having " \* \* \* reasonable cause to apprehend danger \* \* \*" from her answering questions.

The Government relies on, and I adopt the reasoning of the 3rd Circuit Court of Appeals in Marcus v. United States, 310 F.2d 143 (1962). The facts in Marcus were the same as those presently before me with one minor exception—there the Government's general investigation related to gambling and racketeering. The same Federal Communications Act immunity statute was involved, and the same representations were made by the U. S. Attorney—that he was investigating violations of the Federal Communications Act. The witness in Marcus was held to fall within the ambit of the class of witnesses to whom § 409 (*l*) statutory immunity attaches. The witness there was directed to answer questions in exchange for immunity.

Based upon the representations made by the United States Attorney, I find, that he and the Grand Jury are presently investigating violations of the Federal Communications Act, and that it is in the public interest and necessary to the investigation that this witness receive immunity and tesify.

Accordingly, I now order the witness, Marty Lane, to testify and produce evidence before the Grand Jury convened for that purpose tomorrow afternoon, July 3, at 2:00 P.M. This should give her an opportunity to confer with her counsel prior to her required appearance. I further instruct her that any testimony, or evidence, which she may give or produce before the Grand Jury can never result in her being subjected to any subsequent prosecution whatsoever, penalty or forfeiture except for perjury committed in so testifying. In other words, and I want to call the Government attorney's particular attention to this, by testifying, she will obtain for herself an immunity which will extend to any crime whatsoever which she testifies to or about. I wish to make it clear and the Government is hereby warned that such immunity is in no way limited to violations of the Federal Communications Act but embraces any and every possible crime about which she may testify before this Grand Jury.