W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Petitioner,

v.

George B. ROBB and Erik E. Erickson, Respondents.

Civ. A. No. 25705.

United States District Court
E. D. Michigan, S. D.
Nov. 21, 1964.

Lawrence Gubow, U. S. Atty., Paul J. Komives, Asst. U. S. Atty., Detroit, Mich., for plaintiff, Charles Donahue, Sol. of Labor, James R. Beaird, Assoc. Sol., Washington, D. C., A. A. Caghan, Regional Atty., Cleveland, Ohio, U. S. Department of Labor, of counsel.

James H. Hudnut, Goldfarb & Hudnut, Detroit, Mich., for defendants.

**914**

THORNTON, District Judge.

The Court has before it a PETITION TO COMPEL RESPONDENTS TO TESTIFY filed by the Secretary of Labor. The testimony of respondents is sought pursuant to 29 U.S.C.A. § 521, which provides as follows:

"(a) The Secretary shall have power when he believes it necessary in order to determine whether any person has violated or is about to violate any provision of this chapter (except subchapter II of this chapter) to make an investigation and in connection therewith he may enter such places and inspect such records and accounts and question such persons as he may deem necessary to enable him to determine the facts relative thereto. The Secretary may report to interested persons or officials concerning the facts required to be shown in any report required by this chapter and concerning the reasons for failure or refusal to file such a report or any other matter which he deems to be appropriate as a result of such an investigation.

. "(b) For the purpose of any investigation provided for in this chapter, the provisions of sections 49 and 50 of Title 15 (relating to the attendance of witnesses and the production of books, papers, and documents), are made applicable to the jurisdiction, powers, and duties of the Secretary or any officers designated by him."

The petition herein alleges that respondents were officers and active managing officials of Detroit Plastic Products Company, which petitioner alleges is an employer within the meaning of Section 3(e) of the Labor-Management Reporting and Disclosure Act of 1959, which empowers the Secretary to issue and serve subpoenas requiring attendance and testimony of witnesses relating to any matter under investigation (15 U.S.C.A. §§ 49, 50). The petition further states that "[t]he Secretary, having reasonable grounds for believing that respondents and other persons have violated or are about to violate Section 203 and other provisions of the Act, sought through his duly authorized representative to make an investigation pursuant to Section 601(a) of the Act." Respondents responded to the subpoena and, after answering a few preliminary questions, declined to answer further questions on the ground that their answers might incriminate them. The proceedings are reflected in the transcript attached to the petition. The petition states further that the testimony sought is "relevant, material and appropriate to determine whether respondents and other persons have violated or are about to violate Section 203 and other provisions of the Act."

In respondents' answer to the instant petition, no mention is made of the ground advanced at the hearing—that the answer might tend to incriminate respondents. Instead, the answer advances two different reasons as to why defendants may not be compelled to testify. One is that respondents are "entitled to know the factual foundation for such investigation." The other relates to the fact of testimony by respondents before a grand jury and the presence of a Department of Justice attorney at the examination of respondents before the hearing officers in this matter, said attorney being the same person who conducted the grand jury proceedings. The brief submitted to the court by respondents is dedicated to the self-incrimination question, which they raised at the hearing. In other words, respondents raised the self-incrimination issue at the hearing, the factual foundation and grand jury issues in the answer to the petition herein, and then devoted the argument in the brief to the self-incrimination question. For purposes of completeness, we will here treat each of respondents' contentions whether or not

each one is properly an issue in the instant proceeding.

■ Any support for the position of respondents in relation to the self-incrimination claim that may have heretofore existed has been, in our opinion, abrogated by two recent decisions of the United States Supreme Court. They are Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653, and Murphy v. Waterfront Commission of New York Harbor, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678. We deem these to be not only directly applicable here but controlling.

■■ The issue raised by respondents concerning the grand jury proceedings and the presence of a Department of Justice attorney at the hearing in this matter we deem to be lacking in any merit whatsoever. The statute, pursuant to which the Secretary conducts an investigation such as here, is not correlated in any manner with grand jury proceedings. There is just no relationship. The two types of proceedings are completely independent of each other. Equally without merit is the contention of respondents concerning the fact of the presence of the Justice Department attorney at the hearing of the instant matter.

■ Respondents' contention, with respect to their right to know the factual foundation for the investigation, has been determined adversely to respondents by the Court of Appeals for this circuit in the case of Goldberg v. Truck Drivers Local Union, 6 Cir., 293 F.2d 807, which holding was accepted and adopted by the Court of Appeals for the District of Columbia Circuit in International Brotherhood of Teamsters etc. v. Goldberg, 112 U.S.App.D.C. 391, 303 F.2d 402. We therefor will not belabor this point here.

An appropriate order may be presented.