**UNITED STATES of America, Appellee,**

v.

**Earl COPLON, Appellant.**

**No. 16238.**

United States Court of Appeals
Sixth Circuit.

Dec. 10, 1964.

Stanley Schwartz, Jr., Columbus, Ohio, Timothy S. Hogan, Cincinnati, Ohio, for appellant.

Brian Gettings, William Lynch, Attys., Dept. of Justice, Washington, D. C., Joseph P. Kinneary, U. S. Atty., Arnold Morelli, First Asst. U. S. Atty., Cincinnati, Ohio, for appellee.

Before WEICK, Chief Judge, and CECIL and PHILLIPS, Circuit Judges.

PER CURIAM.

Appellant Coplon refused to answer certain questions that were directed to

him as a witness before a grand jury, pleading privilege against self-incrimination. On December 9, 1964, he was brought before the Honorable John W. Peck, U. S. District Judge for the Southern District of Ohio, who explained to him that pursuant to 47 U.S.C. § 409(*l*) he would be immune from any prosecution, federal or state, by reason of any testimony that he might give. Appellant persisted in his refusal to answer the questions.

Judge Peck gave the following direction to appellant:

> "It being the determination of this Court, Mr. Coplon, that full immunity from prosecution under state and Federal law is provided to you under the provisions of 47 United States Code, Section 409(*l*), you are ordered and directed to answer the questions which you have heretofore refused to answer on the ground of possible self-incrimination. You are further directly and specifically informed that any further refusal to answer these questions will result in immediate contempt proceedings."

Appellant categorically refused to obey the command of the district court, still relying upon his privilege against self-incrimination.

The court thereupon held him to be in civil contempt and ordered him committed to prison until he should purge himself by obeying the court and answering the questions.

On the same day, appellant appealed to this court and filed a motion for admission to bail pending appeal

At an oral hearing before this court the government opposed the allowance of bail pending appeal, asserting that appellant is assured of full immunity from either federal or state prosecution by reason of any testimony that he might give before the grand jury, and that the appeal is frivolous and designed to thwart and delay the grand jury investigation since the investigation will be completed and the grand jury discharged before the appeal could be heard on its merits.

Appellant, on the other hand, contends that his appeal is not frivolous and that if he answers the propounded questions before the grand jury, it might result in state prosecution.

■ We find appellant's contention as to self-incrimination to be completely without merit. He clearly will be immune from both federal and state prosecution. His immunity is co-extensive with his constitutional privilege not to incriminate himself. Murphy v. Waterfront Commission, 378 U.S. 52, 79, 84 S.Ct. 1594, 12 L.Ed.2d 678; Brown v. United States, 359 U.S. 41, 79 S.Ct. 539, 3 L.Ed.2d 609; United States v. Harris, 334 F.2d 460 (C.A. 2); United States v. Testa, 326 F.2d 730 (C.A. 3), cert. denied, 376 U.S. 931, 84 S.Ct. 701, 11 L.Ed. 2d 652; Marcus v. United States, 310 F.2d 143 (C.A. 3), cert. denied, 372 U.S. 944, 83 S.Ct. 933, 9 L.Ed.2d 969.

■ As said in Marcus v. United States, supra:

> "Appellant's position is utterly without merit. It is elementary that a grand jury is an arm of the court, and that refusal to comply with an order of court directing a witness to answer proper questions before the grand jury is a contempt of court." 310 F.2d at 146

In his dissenting opinion in Brown v. United States, supra, Chief Justice Warren drew a distinction between criminal and civil contempt proceedings, and made the following pronouncement of what we understand to be the clear rule in civil contempt cases:

> "After petitioner refused to answer the questions the judge might very properly have summarily committed the petitioner to jail for civil contempt until he answered the questions. Oriel v. Russell, 278 U.S. 358, 363, 49 S.Ct. 173, 174, 73 L.Ed. 419. See Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 442, 31 S.Ct. 492, 498, 55 L.Ed. 797. This is not disputed. In such a proceeding

the recalcitrant witness although summarily committed is said to carry the keys to the jail in his own pocket. See In re Nevitt, 8 Cir., 117 F. 448, 461."

We conclude that appellant's contention as to self-incrimination is so clearly without merit that his appeal can be for no other purpose than to delay the disposition of this matter beyond the termination of the current grand jury proceedings. It is the practice of this court to be liberal in granting bail pending appeal, but we are not willing to grant bail in a case where the appeal is clearly frivolous and taken for delay. Carbo v. United States, 82 S.Ct. 662, 7 L.Ed.2d 769.

The motion for allowance of bail pending appeal is denied.