**W. Willard WIRTZ, Secretary of Labor, Petitioner-Appellee,**

v.

**George B. ROBB and Erick E. Erickson, Respondents-Appellants.**

**No. 16363.**

United States Court of Appeals Sixth Circuit.

June 11, 1965.

See also D.C., 235 F.Supp. 913.

James H. Hudnut, Detroit, Mich., for appellants, Goldfarb & Hudnut, Detroit, Mich., on the brief.

Paul D. Borman, Detroit, Mich., for appellee, Lawrence Gubow, U. S. Atty., Paul J. Komives, Asst. U. S. Atty., Detroit, Mich., on the brief, Charles Donahue, Sol. of Labor, James R. Beaird, Assoc. Sol., A. A. Caghan, Regional Atty., U. S. Dept. of Labor, Washington, D. C., of counsel.

Before CECIL, PHILLIPS and EDWARDS, Circuit Judges.

HARRY PHILLIPS, Circuit Judge.

Respondents-appellants have appealed from an order of the district court adjudging them to be guilty of contempt for refusing to obey the court's order directing that they testify before the Department of Labor under the Labor-Management Reporting and Disclosure Procedure Act of 1959, 29 U.S.C.A. § 401 et seq.

The Petition to Compel Respondents to Testify which was filed in the district court avers that the Secretary of Labor, having reasonable grounds for believing that respondents and other persons have violated or are about to violate Section 203 and other provisions of the Act, sought to make an investigation pursuant to Section 601(a) 29 U.S.C.A. § 521; that respondents are officers and active managing officials of Detroit Plastic Products Company, a Michigan corporation, which has a labor agreement with a labor organization, the General Industrial Employees Union, Local No. 42; that two subpoenas were issued requiring respondents to testify before an authorized representative of the Department of Labor; that respondents were assured that a grant of immunity would flow coextensive with their individual testimony, but that they refused to answer questions on the ground that their answers may incriminate them; and that they continued in their refusal to testify after being ordered and directed by the Department's representative to answer the questions propounded.

The district judge, the Honorable Thomas P. Thornton, conducted a hearing on the Secretary's Petition to Compel Respondents to Testify, and rendered an opinion which is published at 235 F. Supp. 913.

The district court ordered respondents to appear before the Department's representative and "there fully testify and answer all questions propounded as required by the subpoenas ad testificandum duly issued and previously served upon them."

When respondents continued in their refusal to testify, an application was filed for adjudication of contempt, and an order was entered adjudging the respondents guilty of contempt of court and remanding them to the custody of the United States Marshal for a maximum of sixty days, "unless they shall sooner purge themselves of this contempt." Execution of the contempt order was stayed pending determination of this appeal.

It is argued in this court that the district court erred in holding that appellants effectively have been granted immunity from both federal and state prosecution.

On this point the district court said:

"Any support for the position of respondents in relation to the self-incrimination claim that may have heretofore existed has been, in our opinion, abrogated by two recent decisions of the United States Supreme Court. They are Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653, and Murphy v. Waterfront Commission of New York Harbor, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678. We deem these to be not only directly applicable here but controlling." 235 F. Supp. at 915.

In Murphy v. Waterfront Commission, 378 U.S. 52, 77–78, 84 S.Ct. 1594, 1609, 12 L.Ed.2d 678, the Supreme Court said:

"We hold that the constitutional privilege against self-incrimination protects a state witness against incrimination under federal as well as state law and a federal witness against incrimination under state as well as federal law."

As said by this court in United States v. Earl Coplon, 6 Cir., 339 F.2d 192, 193:

"We find appellant's contention as to self-incrimination to be completely without merit. He clearly will be immune from both federal and state prosecution. His immunity is co-

extensive with his constitutional privilege not to incriminate himself. Murphy v. Waterfront Commission, 378 U.S. 52, 79, 84 S.Ct. 1594, 12 L.Ed.2d 678; Brown v. United States, 359 U.S. 41, 79 S.Ct. 539, 3 L.Ed.2d 609; United States v. Harris, 334 F.2d 460 (C.A.2); United States v. Testa, 326 F.2d 730 (C.A.3), cert. denied, 376 U.S. 931, 84 S.Ct. 701, 11 L.Ed.2d 652; Marcus v. United States, 310 F.2d 143 (C.A.3), cert. denied, 372 U.S. 944, 83 S.Ct. 933, 9 L.Ed.2d 969."

In Coplon this court construed the grant of immunity contained in the Federal Communications Act. 47 U.S.C. § 409(*l*). In the present case the grant of immunity is set forth in the Federal Trade Commission Act, 15 U.S.C. § 49,[1] which is made applicable to the Labor-Management Reporting and Disclosure Procedure Act of 1959 by 29 U.S.C.A. § 521.[2]

Respondents-appellants contend that the grant of immunity made in the Federal Trade Commission Act is not as broad as that contained in the Federal Communications Act, and point out that neither of these acts contains the words "in any court" which appears in the Narcotics Control Act of 1956, 18 U.S.C. § 1406.

We hold that the grant of immunity set forth in 15 U.S.C. § 49, like 47 U.S.C. § 409(*l*), when implemented by an order of the district court as has been done in the present case, is coextensive with the constitutional privilege of appellants not to incriminate themselves, and protects appellants from both state and federal prosecution with respect to the matters concerning which they have been ordered by the district court to testify. Ahlers v. United States, 336 F.2d 191 (C.A.2), cert. denied, 379 U.S. 963, 85 S.Ct. 654, 13 L.Ed.2d 558.

The judgment of the district court is affirmed.

---

1. "No person shall be excused from attending and testifying or from producing documentary evidence before the commission or in obedience to the subpoena of the commission on the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to criminate him or subject him to a penalty or forfeiture. But no natural person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may testify, or produce evidence, documentary or otherwise, before the commission in obedience to a subpoena issued by it: *Pro-vided*, That no natural person so testifying shall be exempt from prosecution and punishment for perjury committed in so testifying. Sept. 26, 1914, c. 311, § 9, 38 Stat. 722."

2. "(b) For the purpose of any investigation provided for in this chapter, the provisions of sections 49 and 50 of Title 15 (relating to the attendance of witnesses and the production of books, papers, and documents), are made applicable to the jurisdiction, powers, and duties of the Secretary or any officers designated by him. Pub.L. 86-257, Title VI, § 601, Sept. 14, 1959, 73 Stat. 539."