**In re GRAND JURY INVESTIGATION OF Sam GIANCANA, Appellant.**

**In the Matter of the Application for Writ of Habeas Corpus, Sam GIANCANA, Appellant,**

v.

**UNITED STATES of America, Appellee.**

Nos. 15178, 15179.

United States Court of Appeals Seventh Circuit.

Oct. 8, 1965.

Certiorari Denied Dec. 13, 1965.

See 86 S.Ct. 437.

Richard E. Gorman, Chicago, Ill., Robert L. Weinberg, Thomas A. Wadden, Peter R. Taft, Washington, D. C., for Sam Giancana, appellant.

Edward V. Hanrahan, U. S. Atty., Chicago, Ill., John Peter Lulinski, Robert J. Collins, Asst. U. S. Attys., for appellee.

Before SCHNACKENBERG, CASTLE and KILEY, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Sam Giancana has appealed, in case No. 15178, from an order of the district court entered June 1, 1965, adjudging him in contempt of court for failure to obey an order of that court dated June 1, 1965, and he has also appealed, in case No. 15179, from an order of that court entered June 2, 1965, denying his petition for a writ of habeas corpus.

Pursuant to subpoena, appellant, sometimes herein referred to as respondent, appeared on May 14, 1965 before a grand jury of said district court. Before being sworn, appellant learned from the assistant United States attorney who was present before the grand jury that appellant was a prospective defendant. He was questioned extensively on May 14, 19 and 27, 1965. With the exception of questions asking his name and address and the name of his lawyer, he invoked his privilege against self-incrimination under the fifth amendment and refused to answer all questions. He persisted in so doing after the grand jury invoked the provisions of 47 U.S.C. § 409(l), which is a part of the Federal Communications Act relating to self-incrimination. On the latter date, appellant was brought before the court and the hearing was continued until June 1, 1965, on request of his counsel to permit him to better advise his client.

On June 1, 1965, the court ordered appellant to answer questions put to him by the grand jury. However, upon returning to the grand jury on June 1, he persisted in his refusal and was again brought before the court on the motion of the United States attorney to enforce the court's order to compel appellant to testify. Thereupon the prosecutor told the court that appellant was sworn that morning before the grand jury, and, after giving his name and address, he refused to state his telephone number on the ground of the fifth amendment. The following thereupon transpired:

"The court: Is this correct, what the United States Attorney just said? Did you so refuse?

The respondent: Yes, sir."

Thereupon, at the request of defense counsel, the court permitted appellant to consult privately with his attorney, who thereafter stated to the court that he had so conferred and that his client informed him that he did refuse to answer questions.

The following thereupon ensued:

"The court: Do you continue to so refuse?

The respondent: Yes sir.

The court: You will not answer the questions as ordered by the Court heretofore?

The respondent: That's right.

The court: Very well, then I adjudge the respondent, Sam Giancana, in direct and continuing contempt of this Court for disobedience of its lawful order, and I commit the respondent, Sam Giancana, to the custody of the United States Marshal there to remain until he obeys the lawful order of the Court.

The Marshal is directed to allow the respondent, Sam Giancana, to see

his attorney whenever he requests to do so.

You have the key to your own cell. Whenever you decide to obey the lawful order of the court so notify the Marshal and he will bring you before the Grand Jury. Until such time you will remain in the custody of the United States Marshal, who is directed in this period of time to confine the respondent to a common jail within this district."

■ 1. Counsel for appellant recognize that the determination of the applicability of an immunity statute must rest with the court. They state that the issue presented is whether 47 U.S.C. § 409(l) [1] superseded appellant's right to invoke the fifth amendment with respect to each of those questions which had been asked. But their position is that the normal rules of evidentiary relevance will limit immunity to "those questions and answers which concern facts material to the violations set forth in the immunity statute". However, the government points out that the Supreme Court struck down a similar argument in Brown v. United States, 359 U.S. 41 [2] at 46, 79 S.Ct. 539, at 544, 3 L.Ed.2d 609, where the court said, in considering Part II of the Interstate Commerce Act, which relates to motor vehicles:

"The petitioner argues alternatively that even if some immunity is granted by Part II to a grand jury witness, the immunity is not commensurate with that of Part I, and that its scope is therefore constitutionally insufficient. The contention is that § 305(d) [49 U.S.C.A. § 305(d)] provides immunity from prosecution only for offenses related to violations of the Motor Carrier Act itself because of the clause appearing at the beginning of the section—'So far as may be necessary for the purposes of this chapter.' * * * Assuming that this clause limits the immunity provision of the section at all, it clearly limits only the class of witnesses to whom the immunity will attach, not the scope of the immunity conferred. * * *"

The application of the holding in Brown to the case at bar requires that we recognize that 47 U.S.C. § 409(l) supports the order of the district court granting immunity to appellant and directing him to answer questions put to him before a grand jury which was conducting an investigation involving possible violations of various statutes, including the Federal Communications Act, 47 U.S.C. §§ 203 and 501. [3]

This conclusion as to the scope of the immunity granted appellant is in conformity with, not only the plain meaning of the statutory language of this broad grant, but also of the constitutional requirement that the immunity granted to a witness shall extend to any transaction, matter or thing concerning which he may testify. Brown v. Walker, 161 U.S. 591, 607–608, 16 S.Ct. 644, 40 L.Ed. 819. Walker holds, 161 U.S. at 608, 16 S.Ct. 644, that the immunity granted is in-

---

1. (l) No person shall be excused from attending and testifying * * * in any cause or proceeding, criminal or otherwise, based upon or growing out of any alleged violation of this chapter, or of any amendments thereto, on the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to incriminate him or subject him to a penalty or forfeiture; but no individual shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he is compelled, after having claimed his privilege against self-incrimination, to testify or produce evidence, documentary or otherwise, except that any individual so testifying shall not be exempt from prosecution and punishment for perjury committed in so testifying.

2. In Brown, respondent was punished for *criminal* contempt and sentenced to imprisonment.

3. It appears from the affidavit of the United States attorney that the grand jury was conducting an investigation involving possible violation of various federal statutes, including said §§ 203 and 501.

tended to be *general* and to be applicable whenever and in whatever court such prosecution may be had.[4]

The court of appeals for the Second Circuit succinctly stated in United States v. Brown, 247 F.2d 332, 337:

" \* \* \* From this it follows that Brown has no right to remain silent because of some fancied prosecution which may never happen. It is enough for him to know that he is fully protected. The government has been empowered by Congress to pay the price of immunity for Brown's testimony. Should the need ever arise the courts will see to it that the bargain is fully kept."

■ 2. However, in this court, appellant's counsel assert that in this case "any grand jury question is proper, but if it is not pertinent to a violation within the immunity statute", the witness is entitled to invoke the fifth amendment. On oral argument here, his counsel stated that he considers irrelevant numerous questions [5] put to appellant before the grand jury, all of which he declined to answer on the ground that to do so might tend to incriminate him. Counsel identify these questions as those appearing on *pages 46–7* and *301–7* of the transcripts of evidence herein. These transcripts reveal that these questions were put to respondent before the grand jury on May 14, 1965 and May 19, 1965, respectively, but it is important to note however that these questions were *not* put to appellant at the grand jury hearing of June 1, 1965. Hence, we hold that his charge of irrelevancy can have no application to the contempt proceedings in open court on June 1 which are the basis for the orders involved in these appeals.

■ Moreover, we are convinced that, even if we consider the charge of

irrelevancy as properly before us, no error has been shown. From a thorough examination of the transcripts and particularly the questions considered by appellant's counsel to be irrelevant, we disagree with that characterization. We are unable to say that answers responsive to these questions might not logically be of assistance to the grand jury. That body may, by various avenues of interrogation, exercise its traditional functions in such a way as to elicit information about possible criminal violations. In seeking to establish the facts, a grand jury, in framing its questions to a witness, may adapt its form of approach to that most strategically suited to elicit the facts. Its form may be direct or indirect. If the latter, certain questions might be considered irrelevant if standing alone, when they are actually relevant as a part of a plan to elicit material information on a subject under consideration by the jury.

■ Furthermore, we attach considerable significance to the fact that appellant, in raising the point that the questions put to him were not pertinent or relevant, was not selective in his attitude as a witness before the grand jury. He was not merely resisting the answering of *irrelevant* questions; he was determined not to answer *any* questions, after he stated his name and address, and the name of his lawyer. His recalcitrance was total before the grand jury (and later before the court) and he did not base his refusal on lack of relevancy or any other reason, except the fifth amendment. Clothed with complete immunity by the court's ruling, he nevertheless continued to defy the jury and the court. His incarceration until he should comply with the court's order followed.

---

4. See also, to the same effect, Reina v. United States, 364 U.S. 507, 513, 514, 81 S.Ct. 260, 5 L.Ed.2d 249 (1960); United States v. Coplon, 6 Cir.. 339 F.2d 192, 193 (1964); In re Lane, 224 F.Supp. 317 (D.C.N.D.Ill.1963).

5. In response to the argument of appellant regarding supposed irrelevant questions asked by the grand jury, the grant of immunity under § 409(*l*) was "complete" and extended to any transaction, matter or thing as to which appellant might be interrogated before the grand jury. The possible irrelevancy of any question asked him would not lift his immunity in the least.

Significantly the only purpose of his imprisonment has been to coerce him to answer questions—not to punish him for his failure to answer at the times he had been before the grand jury.

3. We believe that appellant can find no support in the case of In re Bart, 113 U.S.App.D.C. 54, 304 F.2d 631 (1962), which he cites. That case was dependent upon the provisions of 18 U.S.C.A. § 3486, sometimes called the Immunity Act of 1954, or the Compulsory Testimony Act. The court held that act applied only if the testimony of the witness is "in the judgment of a United States attorney * * * necessary to the public interest". It also required "the approval of the Attorney General." At 635, the Court of Appeals pointed out a more important limitation in the application of the statute; *i. e.*, it was limited to a proceeding involving interference with or endangering of the national security or defense including violations of the Internal Security Act of 1950. Obviously, In re Bart has no relevancy here, where no such limitations are involved.

4. A persuasive decision is Marcus v. United States, 3 Cir., 310 F.2d 143 (1962); cert. den. 372 U.S. 944, 83 S.Ct. 933, 9 L.Ed.2d 969 (1963). That case involved a grant of immunity to Marcus, pursuant to 47 U.S.C. § 409(*l*). At 145, the court said that § 409(*l*) is applicable in any criminal proceeding involving alleged violations of the Communications Act. At 146, the court said:

"The immunity conferred by the statute involved here, like that in Brown v. U. S., supra, is the automatic statutory consequence of compulsory testimony. The immunity is as extensive as the testimony. The contention is groundless that the immunity conferred is limited to proceedings based upon or growing out of the Communications Act. As stated in Brown, the reference to that Act 'limits only the class of witnesses to whom the immunity will attach, not the scope of the immunity conferred.' 359 U.S. at 47, 79 S.Ct. at 544, 545, 3 L.Ed.2d 609.

"Indeed the facts in the Brown case are so closely parallel to those in the case at bar that petitioner's appeal is well-nigh frivolous."

While the briefs for both parties here make reference to United States v. Harris, 2 Cir., 334 F.2d 460 (1964), we refrain from discussion of that case, which is now awaiting argument in the United States Supreme Court on a limited grant of certiorari. 379 U.S. 944, 85 S.Ct. 438, 13 L.Ed.2d 542 (1964).

For these reasons, the orders of the district court, from which these appeals were taken, are affirmed.

Orders affirmed.

KILEY, Circuit Judge (concurring).

Appellant contends that the district court failed to make findings of fact, upon sufficient evidence, as required by In re Bart, 113 U.S.App.D.C. 54, 304 F.2d 631 (1962), to establish the "substantial relation" under the Harris rule [1] with respect to each area of questioning by the grand jury, and that the court's failure denied him due process.

He argues that the district court had the duty of finding the "substantial relation" of the questions asked, and challenged, before ordering him to testify, and could not delegate this duty to him and the grand jury. I assume for purposes of this argument that the court had the duty claimed and that in asking "what is the relevancy" of the lack of "substantial relation" the court misconceived the Harris rule. The court ordered appellant to answer all the questions that had been asked, and ruled that the immunity extended to all. The

---

1. United States v. Harris, 334 F.2d 460, 462 (2d Cir. 1964): "If the statutory provision under which the grand jury is proceeding extends immunity to the prospective witness, that immunity extends to all testimony thus compelled insofar as that testimony bears a substantial relation to the subject matter of the immunity provision."

record does not show the questions referred to were not substantially related "in context"[2] to violations of the Act, and shows the immunity extended to them. The ruling was right even if the reason was wrong, and there was no denial of due process. The decision of In re Bart, supra, requiring "findings of fact" on sufficient evidence to support the application of the Attorney General for invocation of the immunity statute there has no application to the immunity statute here.

But appellant contends that even if not invalid in the respect noted, the district court's oral order was invalid in another respect, and that under a statement of the Supreme Court in Bowman Dairy Co. v. United States, 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed. 879 (1951), the entire order must fall.

The statement in Bowman Dairy— which was applied in United States v. Patterson, 206 F.2d 433 (D.C.Cir.1953) —is: "One should not be held in contempt under a subpoena that is part good and part bad. The burden is on the court to see that the subpoena is good in its entirety and it is not upon the person who faces punishment to cull the good from the bad." 341 U.S. at 221, 71 S.Ct. at 679. The district court's oral order, so far as is pertinent, is: " * * * to proceed forthwith * * * to testify fully and completely on matters heretofore propounded * * * and *likewise to*

*testify fully and completely on any—and truthfully on any and all other matters propounded to him by the Grand Jury or by any officer asking questions in its behalf.*" (Emphasis added.) Appellant argues that the italicized part of the district court's order is too broad, under Harris, and thus the entire order falls, under Bowman Dairy.

The Bowman Dairy statement is inapplicable to the oral order here challenged by appellant. In Bowman Dairy and Patterson the court and Congress issued the subpoenas and were in a position to do prospectively what Bowman Dairy said the trial court should have done—make certain that the subpoena was good and not leave this function to the witness. But the grand jury asks the questions under its independent power. And the court's function is retrospective.[3] Appellant invoked the Fifth Amendment after immunity was granted, the grand jury directed him to appear before the district court, and the court's function was to pass on the questions already asked and determine whether the answers would be clothed with the immunity granted. It was not the function of the court to order in advance what questions the witness should or should not answer; and accordingly it had not the duty to fashion an order "good in its entirety" for that purpose. The district court's oral order is not invalid under Bowman Dairy.

2. Marcus v. United States, 310 F.2d 143 (3rd Cir. 1962).

3. As the court stated in In re Bart, 113 U.S.App.D.C. 54, 304 F.2d 631, 637 & n. 18, (D.C.Cir. 1962):
"It will be time enough, later, to object to the relevancy of the questions asked.18
———
"18. The witness will, of course, have an opportunity to be heard, with the

assistance of counsel, before he is punished for contempt. The proper time to object to the relevancy of the questions propounded is when the witness is summoned before the court for failure to comply with the order compelling testimony."