Nicolo **LICATA**, Appellant,

v.

**UNITED STATES of America**, Appellee.

Nos. 24666, 24667.

United States Court of Appeals, Ninth Circuit.

July 29, 31, 1970.

---

28. 281 F.Supp. 720 (E.D.Penn.1968), affirmed, 392 U.S. 646, 88 S.Ct. 2307, 20 L.Ed.2d 1358 (1968).

29. 281 F.Supp. at 740.

A. L. Wirin (argued) and Fred Okrand (argued); Russell Parsons, of Marshall & Clark, Los Angeles, Cal., John J. Hooker, of Hooker, Keeble, Dodson, & Harris, Nashville, Tenn., for appellant.

David R. Nissen (argued) Asst. U. S. Atty., Robert L. Meyer, U. S. Atty., Los Angeles, Cal., for appellee.

Before: MERRILL and KOELSCH, Circuit Judges, and *TAYLOR, District Judge.

KOELSCH, Circuit Judge:

This is an appeal from an order of the United States District Court adjudging Nicolo Licata guilty of contempt for refusing to answer questions before a Federal Grand Jury after he had been granted immunity under 18 U.S.C. § 2514.

When Licata initially refused to testify, the U.S. Attorney, upon application

* Honorable Fred M. Taylor, United States District Judge, Boise, Idaho, sitting by designation.

to the District Court, secured an order granting immunity. 18 U.S.C. § 2514. However, Licata still refused to testify, whereupon he was returned to the District Court and, following an evidentiary hearing, was found to be in contempt and committed to the custody of the Attorney General until he obeys the court's order.

■ This court's recent holding in Carter v. United States, 417 F.2d 384 (9th Cir. 1969) resolves any doubts as to the constitutionality of 18 U.S.C. § 2514. We there held that the immunity granted by that provision is as broad as the privilege against self-incrimination; thus we reject Licata's assertion that the statute was too narrow in its reach and, therefore, constitutionally infirm. Nor are we persuaded that the order instructing Licata to testify issued in derogation of any substantive or procedural right he enjoyed. Section 2514 suggests, and we conclude, that issuance of such an order is a ministerial act requiring neither notice nor a hearing. The pertinent portion of the statute provides:

> "Whenever in the judgment of a United States Attorney the testimony of any witness * * * in any case or proceeding before any grand jury * * * involving any violation of this chapter or any of the offenses enumerated in Section 2516 * * * is necessary to the public interest, such United States Attorney, upon the approval of the Attorney General, shall make application to the court that the witness shall be instructed to testify * * * and upon order of the court such witness shall not be excused from testifying * * * on the ground that the testimony or evidence required of him may tend to incriminate him or · subject him to a penalty or forfeiture. * * * "

The U.S. Attorney's assertion that the testimony of a witness is "necessary to the public interest" must be accepted by the court to which the application is presented; Ullman v. United States, 350 U.S. 422, 76 S.Ct. 497, 100 L.Ed. 511 (1956); his representations concerning the offenses being investigated by the grand jury must likewise be accepted. Furthermore, no opportunity to exercise judicial discretion arises with respect to the Attorney General's approval of the application; he either assents or he doesn't assent. Thus the application tenders no issue, either factual or legal, for judicial decision.

In re Bart, 113 U.S.App.D.C. 54, 304 F.2d 631 (1962) is in harmony with our view of the immunity application. Immunity was sought for Bart under the provision of 18 U.S.C. 3486, which materially differs from Section 2514 in at least one respect. Section 3486 requires, in addition to the prerequisite that certain enumerated offenses are being investigated, that the investigation or case involve interference with or endangering of the national security or defense through the commission of such crimes. The D.C. Circuit believed that 3486(c) placed emphasis upon the threat to the national security rather than on the crimes themselves and, on that basis, reasoned that no order of immunity could issue unless the U.S. Attorney not only alleged that the investigation was into one of the enumerated crimes, but in addition established to the court's satisfaction that the particular crime threatened the national security or defense; thus the D.C. Circuit said:

> "[I]t is here that the court plays its role under the Immunity Act (18 U.S. C. 3486). The judge is not a mere automaton performing a ritualistic act. Independently he must determine from the allegations and the evidence submitted whether there is sufficient ground to believe that the matter under investigation involves 'interference with or endangering of the national security or defense'." *Bart* at 636.

Section 3486 clearly requires a judicial act and concomitant procedural safeguards not required when granting immunity pursuant to 18 U.S.C. § 2514.

■ Licata also argues that the District Attorney's application contained

at least two "formal defects": it was not accompanied by written approval of the Attorney General; neither did it contain an allegation (nor did the evidence show) that the grand jury's inquiry was directed solely to the specific crimes enumerated in Section 2514. We do not agree that the foregoing render the application defective. The statute does not require that the approval of the Attorney General be in writing, and we do not think that such a requirement should be read into the statute by this court. The recitation of the Attorney General's approval in the U.S. Attorney's affidavit accompanying the application we believe is sufficient. So too we conclude that the representation by the U.S. Attorney that the grand jury was investigating "alleged violations of Federal Statutes prohibiting Interstate Travel in Aid of Racketeering, Title 18, United States Code, Section 1952, and other violations of the laws of the United States" constituted a proper compliance with the 2514 requirement that the proceedings before the grand jury involve the violation of an offense enumerated in 2516. In sum, we hold that the requirements of 2514 were sufficiently met and the grant of immunity was proper.

■ The procedure followed in the contempt proceeding is also challenged by Licata. He contends that he was entitled to a jury trial and that he was denied due process of law. We disagree.

The proceeding was civil rather than criminal. As said in Shillitani v. United States, 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966):

"* * * the act of disobedience consisted solely 'in refusing to do what had been ordered,' i. e., to answer the questions, not 'in doing what had been prohibited.' And the judgments imposed conditional imprisonment for the obvious purpose of compelling the witnesses to obey the orders to testify. When the petitioners carry 'the keys of their prison in their own pockets,' the action 'is essentially a civil remedy designed for the benefit of other parties and has quite properly been exercised for centuries to secure compliance with judicial decrees.' * * * 'It is not the fact of punishment but rather its character and purpose that often serve to distinguish' civil from criminal contempt." (Citations omitted) Pp. 368–369, 86 S.Ct. at 1534.

And Licata was thus not entitled to a jury:

"The conditional nature of the imprisonment—based entirely upon the contemptor's continued defiance—justifies holding civil contempt proceedings absent the safeguards of indictment and jury * * * provided that the usual due process requirements are met."

Shillitani, at 370–371, 86 S.Ct. at 1535.

■ Licata's due process argument is based on his assertion that he was denied notice and a reasonable opportunity to prepare to meet the charge. However, the court repeatedly advised him of its order and admonished him that he must obey, else be in contempt; he surely was on notice. Parker v. United States, 153 F.2d 66, 70 (1st Cir. 1946). Nor did Licata or his attorney assert any objection to the conduct of the hearing at that time nor request a continuance. Finally we note that the procedure closely paralleled that followed in In re Grand Jury Investigation of Giancana, and sustained by the Seventh Circuit on appeal (352 F.2d 921 (7th Cir. 1965)), cert. den. 382 U.S. 959, 86 S.Ct. 437, 15 L.Ed.2d 362; see also, December 1968 Grand Jury (DiDomenico) v. United States, 420 F.2d 1201 (7th Cir. 1970), cert. den. 397 U.S. 1021, 90 S.Ct. 1260, 25 L.Ed.2d 531.

Affirmed.[1]

1. This conclusion renders moot several additional points urged by Licata.