**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Colin NEIBERGER and Terry Taube,
Defendants-Appellees.**

**No. 71–1880.**

United States Court of Appeals,
Sixth Circuit.

May 2, 1972.

[redacted]

[redacted]

George Calhoun, Dept. of Justice, Washington, D. C., for appellant; Ralph B. Guy, Jr., U. S. Atty., Detroit, Mich., Robert C. Mardian, Asst. Atty. Gen., Robert L. Keuch, Atty., Dept. of Justice, Washington, D. C., on brief.

William H. Goodman, Detroit, Mich., for appellees; Hugh M. Davis, Jr., Marc Stickgold, Goodman, Eden, Robb, Millender, Goodman & Bedrosian, Detroit, Mich., on brief.

Before WEICK, EDWARDS and KENT, Circuit Judges.

PER CURIAM.

Appellant United States appeals from an order entered in the United States District Court for the Eastern District of Michigan denying its application for an order granting immunity to two appellees under 18 U.S.C. § 2514 (1970). Appellees had previously been subpoenaed as witnesses before a federal grand jury sitting in Detroit and had refused to testify on Fourth and Fifth Amendment grounds. At the proceeding before the District Judge, the United States Attorney presented the District Court with a letter from an Assistant Attorney General authorizing the United States Attorney for the Southern District of Michigan to seek a grant of immunity for the named appellees. The government also submitted a sworn affidavit from the United States Attorney that the subject of the questions to be asked of the appellees before the grand jury was in fact related to the investigation of crimes enumerated in § 2514.

The District Judge, apparently relying upon dictum in In re Vericker, 446 F.2d 244, 248 (2d Cir. 1971), held that the government was required at this point to make a "modest showing" in open court in an adversary hearing that the grand jury was actually investigating the crimes referred to in the affidavit. This the government declined to do, although it offered the entire grand jury transcript of the attempt to question these witnesses for in camera inspection by the court, an offer which was declined by the Judge.

[redacted] We believe the District Judge was in error. The statute pertaining to a grant of immunity places much of the responsibility for determining whether or not such a motion should be made upon the United States Attorney General and his agents. *See* 18 U.S.C. § 2514 (1970). Further, the sworn affidavit of the United States Attorney that the investigation pertained to crimes covered butted by any cross-affidavit before the District Court. While we recognize that any statute which empowers a judge to issue an order automatically conveys some discretion (particularly in this instance related to preventing inappropriate immunity baths) we see nothing in this proceeding which called for lifting of the veil of secrecy which should generally surround grand jury proceedings.

The cases cited by appellees are all inapposite as far as the posture of this case is concerned. There having been no grant of immunity, there also has

been no citation or conviction for contempt. *Cf. generally* In re Russo, 448 F.2d 369 (9th Cir. 1971); In re Vericker, 446 F.2d 244 (2d Cir. 1971); Licata v. United States, 429 F.2d 1177 (9th Cir. 1970), vacated as moot, 400 U.S. 938, 91 S.Ct. 239, 27 L.Ed.2d 243 (1970); United States v. Harris, 334 F.2d 460 (2d Cir. 1964), reversed on other grounds, 382 U.S. 162, 86 S.Ct. 352, 15 L.Ed.2d 240 (1965); In re Bart, 113 U.S.App.D.C. 54, 304 F.2d 631 (1962).

As the United States Court of Appeals for the District of Columbia said in the *Bart* case:

> "[T]here will usually be no occasion for live testimony in support of the application. With the rare exception noted below, [relating to procedural defects] grand jurors will not be called upon to disclose the proceedings before them. . . . The hearing is primarily intended to afford the witness an opportunity to point out formal defects in the application or the government's failure to comply with the necessary preliminaries. It will be time enough, later, to object to the relevancy of the questions asked." In re Bart, *supra* at 637. (Footnotes omitted.)

On the record made before the District Judge, it is our opinion that she should have granted the immunity order and that it was an abuse of judicial discretion not to do so.

■ This appeal is properly before the court. No criminal charges are involved, nor is the government seeking to indict the two persons under consideration here. This is a final decision in a civil action and, hence, subject to appeal to this court. Donovan v. Hayden, Stone, Inc., 434 F.2d 619 (6th Cir. 1970); United States v. Calandra, 455 F.2d 750 (6th Cir. 1972). Cf. Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940).

The judgment of the District Court is reversed and the case is remanded for further proceedings in accordance with this opinion.