Carmelia URASAKI, Petitioner,

v.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, Respondent;**

**UNITED STATES of America, Real Party in Interest.**

**No. 74–2564.**

United States Court of Appeals, Ninth Circuit.

Oct. 7, 1974.

"A Yes.

.      .      .      .      .

"A Yes.

**514**

Leon Goldin, Hollywood, Cal., for petitioner.

A. Andrew Hauk, U. S. District Judge, Los Angeles, Cal., for respondent.

William D. Keller, U. S. Atty., Los Angeles, Cal., for real party in interest.

Before HUFSTEDLER and WALLACE, Circuit Judges.

PUBLISHED ORDER

■ "In passing upon an immunity application, the [district] court is confined to an examination of the application and the documents accompanying it for the purpose only of deciding whether or not the application meets the procedural and substantive requirements of the authorizing statute. (In re Russo (9th Cir. 1971) 448 F.2d 369; *cf.* Ullmann v. United States (1956) 350 U.S. 422 [434], 76 S.Ct. 497, 100 L.Ed. 511.)" Bursey v. United States (9th Cir. 1972), 466 F.2d 1059, 1073.

■ The immunity application in this case, together with its supporting documents, *prima facie* complies with the statutory authority pursuant to which immunity was sought. The application contains the necessary request by the United States Attorney and approval by an Assistant Attorney General, who in this instance was designated by 28 C.F. R. § 0.175(a) as the person having authority thus conferred. We judicially notice that Henry E. Petersen, whose name appears on the authorization letter, was the Assistant Attorney General then in charge of the Criminal Division.

■ Adversary procedure is not a part of the legislative scheme in connection with the district court's performance of its limited duties in granting or denying the application for immunity. Adversary process does not commence until the grand jury seeks an order compelling the witness to respond to questions that he or she has refused to answer after a prior grant of immunity. (Bursey v. United States, *supra,* 466 F. 2d at 1073–1075. *Cf.* Beverly v. United States (5th Cir. 1972), 468 F.2d 732, 746–747.)[1]

The petition for writ of mandate is denied.

1. The Government's reliance (both before the district court and before us) on Licata v. United States (9th Cir. 1970), 429 F.2d 1177, is misplaced. *Licata* was vacated by the Supreme Court. (Licata v. United States (1970), 400 U.S. 938, 91 S.Ct. 239, 27 L.Ed.2d 243.)