**In re GRAND JURY INVESTIGATION.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Frank BERGER, Defendant-Appellant.**

**No. 81–1374.**

United States Court of Appeals, Sixth Circuit.

Argued June 18, 1981.

Decided Aug. 12, 1981.

Michael C. Moran, O'Brien, Moran & Dimond, Ann Arbor, Mich., for defendant-appellant.

Richard A. Rossman, U. S. Atty., Thomas W. Cranmer, Maura D. Corrigan, Asst. U. S. Attys., Detroit, Mich., for plaintiff-appellee.

Before LIVELY, ENGEL and MERRITT, Circuit Judges.

LIVELY, Circuit Judge.

The defendant Berger appeals from an order of the district court finding him in civil contempt for refusing to testify before a grand jury and ordering him confined until he purges himself. Confinement is not to exceed the life of the term of the grand jury. We affirm the adjudication of contempt.

## I.

Frank Berger was subpoenaed to appear and testify before a grand jury in the Eastern District of Michigan. Through his attorney Berger informed the United States Attorney that if called before the grand jury he would refuse to testify on constitutional grounds. Thereafter the United States Attorney applied to the district court for an order granting use immunity and directing Berger to testify before the grand jury. 18 U.S.C. §§ 6002, 6003 (1976). Neither Berger nor his counsel was given notice of the application and there was no hearing.

The district court entered the following order:

**IN RE: GRAND JURY INVESTIGATION**

**MISC. NO. 81-164**

### ORDER GRANTING IMMUNITY

The United States Attorney for this District having made Application under 18 U.S.C. 6003(b) for an order requiring Frank Berger to testify and provide information relative to Grand Jury and trial proceedings which are or may be held in this district and the court having reason to believe that Frank Berger has decided to invoke his privilege not to testify pursuant to the Fifth Amendment of the United States Constitution, and the court having been advised that the United States Attorney believes that Frank Berger's testimony is necessary for the public interest and the court having determined that this application for immunity has been properly authorized:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Application heretofore made by Richard A. Rossman, United States Attorney for the Eastern District of Michigan to grant immunity to Frank Berger in accordance with Title 18, United States Code, Sections 6002–6003 be and the same hereby is allowed. It is further ORDERED that Frank Berger testify and answer questions asked by the grand jury and testify and answer questions in the course of any trial which may be held in this district as a result of the grand jury investigation.

IT IS FURTHER ORDERED that no testimony or other information compelled under the order, or any information directly or indirectly derived from such testimony, shall be used against him in any criminal case, except that the said Frank Berger shall not be exempted by this order from prosecution for perjury, giv-

ing a false statement, or contempt while giving testimony as ordered herein.

IT IS SO ORDERED.

RALPH M. FREEMAN
UNITED STATES
DISTRICT JUDGE

Thereafter Berger was informed that he had been granted use immunity and was ordered to testify before the grand jury. When he appeared before the grand jury Berger refused to answer the questions propounded by the United States Attorney and was cited for contempt. After considering written memoranda and hearing oral arguments the district court entered the order from which this appeal is taken.

## II.

■ On appeal Berger contends the immunity statute should be construed to require notice and that his due process rights were infringed by the failure of the government to give him notice and an opportunity to be heard on whether he would be ordered to testify under a grant of immunity. With respect to the requirements of the statute Berger relies primarily on *In re Bart*, 304 F.2d 631 (D.C.Cir.1962), and *In re Grand Jury Investigation*, 317 F.Supp. 792 (E.D. Pa.1970), both of which were concerned with grants of immunity under statutes different in some respects from §§ 6002, 6003. In a case brought under the latter statute the Fifth Circuit dealt with an argument based on *In re Bart* as follows:

I. Defendant asserts he was denied due process in not being afforded notice and hearing before the immunity order

was granted. He relies upon *In re Bart*, 113 U.S.App.D.C. 54, 304 F.2d 631 (D.C. Cir.1962), a case interpreting 18 U.S.C. § 3486 to require notice and hearing. The decision in *In re Bart* was predicated at least in part upon the fact that under § 3486 the Government could not secure a prospective order. *See* 304 F.2d at 637 & n. 17. Thus, there might be something for the witness to object to at a hearing before the immunity order was granted. Section 6003 was designed to change this result. *See* H.R.Rep.No.1549, 91st Cong., 2d Sess. (1970), *reprinted in* 2 U.S.Code Cong. & Admin.News, pp. 4007, 4018 (1970).

■■ Section 3486 was repealed by the Organized Crime Control Act of 1970, Pub.L.No.91–452, Title II, § 228(a), 84 Stat. 930. 18 U.S.C. § 6003 was added by this same act and provides for a prospective order while not explicitly requiring notice to a prospective witness before grant of immunity; this is an indication that none is required. Furthermore, since the court's duties in granting the requested order are largely ministerial, when the order is properly requested the judge has no discretion to deny it. *In re Grand Jury Investigation*, 486 F.2d 1013, 1016 (3rd Cir. 1973), cert. denied sub nom., *Testa v. United States*, 417 U.S. 919, 94 S.Ct. 2625, 41 L.Ed.2d 224 (1974); *see In re Kilgo*, 484 F.2d 1215, 1221 (4th Cir. 1973).

*United States v. Leyva*, 513 F.2d 774, 776 (5th Cir. 1975). We agree with this analysis. As structured section 6003 [1] places the

---

1. **§ 6003. Court and grand jury proceedings**

(a) In the case of any individual who has been or may be called to testify or provide other information at any proceeding before or ancillary to a court of the United States or a grand jury of the United States, the United States district court for the judicial district in which the proceeding is or may be held shall issue, in accordance with subsection (b) of this section, upon the request of the United States attorney for such district, an order requiring such individual to give testimony or provide other information which he refuses to give or provide on the basis of his privilege against self-incrimination, such order to become effective as provided in section 6002 of this part.

(b) A United States attorney may, with the approval of the Attorney General, the Deputy Attorney General, or any designated Assistant Attorney General, request an order under subsection (a) of this section when in his judgment—

(1) the testimony or other information from such individual may be necessary to the public interest; and

(2) such individual has refused or is likely to refuse to testify or provide other information on the basis of his privilege against self-incrimination.

decision to request an immunity order in the United States Attorney and provides that the district court "shall issue" the order upon the U.S. Attorney's request.

There is no provision for inquiry into the judgment or decision of the United States Attorney to seek an immunity order. No purpose would be served by a hearing. At oral argument in this court counsel for Berger stated he was making no claim that the statutory requirements for obtaining approval of a request for an immunity order had not been followed in this case. In argument before the district court counsel advised the court that he had "not observed any" procedural defects. As the court said in *Ryan v. Commissioner of Internal Revenue*, 568 F.2d 531, 541 (7th Cir. 1977), "Since the judgment is entirely a matter for the executive branch, unreviewable by a court, there is no need for the record to contain any facts supporting the decision of the United States Attorney."

■ The defendant contends that due process requires notice and a hearing before he may be deprived of a property or liberty interest. In *Ryan, supra,* the court dealt with similar arguments in the following language:

First, the Ryans contend that the immunity order denied them due process of law because they were neither notified of a hearing on the immunity request nor given an opportunity to be heard before the order was entered. The Ryans rely on cases holding that the due process clause requires some kind of notice and some kind of hearing before a person may be deprived of a governmentally created property or liberty interest. *E. g., Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Bell v. Burson,* 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971); *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). These cases are inapposite. The procedural protections of the due process clause come into effect only if a person is threatened with deprivation of a property or a liberty interest. A grant of immuni-

ty does not infringe on any property or liberty interest of a witness. Rather, an immunity order is effectively an exchange of one safeguard for another. The witness relinquishes his privilege to remain silent and avoid incriminating himself and receives a promise from the government that the information he gives will not be used against him, directly or indirectly, in a subsequent criminal prosecution. As a matter of constitutional law, the witness suffers no detriment from an immunity order and therefore has no right to be heard.

568 F.2d at 539. Since the immunity granted is coextensive with the Fifth Amendment privilege against self-incrimination,[2] we agree that Berger has not been deprived of a property or liberty interest by being ordered to give his testimony.

■ Without amplification Berger has referred to the possible forfeiture of his property if he should be required to testify. In raising this point before the district court counsel for Berger asserted that the state and federal governments had placed liens on his property, and "We believe that the order of immunity would not protect him from forfeiture of that property should he testify before the grand jury regarding tax violations." It is obvious that any tax liens referred to by counsel were unrelated to compelled testimony since they had been filed before the issue of his refusal to testify arose. No forfeiture of Berger's property has taken place. If forfeiture proceedings are begun against Berger's property after he has testified pursuant to the immunity order, he will have an opportunity in those proceedings to assert that forfeiture is based on information derived either directly or indirectly from his compelled testimony. We express no view on the validity of such an argument.

The judgment of the district court is affirmed.

MERRITT, Circuit Judge, dissenting.

The Court holds that a person suffers no detriment at all when compelled to testify

2. *U. S. v. Coplon,* 339 F.2d 192, 193 (6th Cir. 1964).

in exchange for a grant of immunity and therefore no notice or hearing in advance is necessary because no liberty interest is at stake. I disagree with this reasoning.

The Fifth Amendment privilege—molded over the centuries in the courage of Sir Thomas More and many others who chose to remain silent in the face of government persecution—is an important liberty, like freedom of speech and conscience. Before a witness is threatened with jail if he refuses to speak, he should at least be entitled to notice and a hearing. The witness may want to explain to the court that in his opinion he or members of his family will be killed if compelled to speak and that use immunity alone is not protection. He may want to contest the materiality of his possible testimony. He may want the court to limit the government's use of his testimony in certain ways set out in the immunity statute. He may want the injunctive order against him to include orders against his adversary, the government, regarding the way his testimony may be used and what may be disclosed to others.

The immunity statute specifically provides that only an Article III judge—not the Attorney General or the Deputy Attorney General or some other officer—may compel testimony in return for immunity. The statute contemplates a judicial proceeding, a decision by a court of law. Surely the person whose liberty interest is at stake in that proceeding—the witness—is entitled to notice and an opportunity to attend and speak. The person whose interest is most at stake should be consulted and allowed to participate in the proceeding.

Why should the person most affected not receive advance notice and an opportunity for a hearing? Neither the government nor the court has offered a good reason, and I can think of none. It costs the government nothing. The need for surprise is not present, as in the case of search warrants. The element of serious administrative delay and added financial costs are not present, as in the case of the issuance of ordinary, trial subpoenas. The government gains nothing by refusing to give notice and an opportuni-ty to be heard, except avoiding a minor inconvenience.

"No person ... shall be compelled ... to be a witness against himself." Before a person is compelled to divulge his private thoughts and actions in exchange for use immunity, he should receive notice and an opportunity for a hearing before the judge who issues the order. Basic fairness requires this much. "The history of liberty has largely been the history of procedural safeguards." *McNabb v. United States*, 318 U.S. 332, 347, 63 S.Ct. 608, 616, 87 L.Ed. 819 (1943). The protections of the United States Constitution are not units of the federal budget, subject to reduction as the political winds change.

Accordingly, I dissent from the view of the Court that a citizen is not entitled to notice and an opportunity to be heard before he is required to speak in a criminal case.