**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Appellant,**

v.

**Arthur J. GOLDBERG, Secretary of Labor, Appellee.**

**No. 16693.**

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 13, 1961.

Decided April 5, 1962.

Certiorari Denied June 25, 1962.
See 82 S.Ct. 1589.

---

**2.** International Shoe Co. v. Federal Trade Comm'n, 280 U.S. 291, 50 S.Ct. 89, 74 L.Ed. 431 (1930).

------◆------

Mr. Edward Bennett Williams, Washington, D. C., with whom Mr. Raymond W. Bergan, Washington, D. C., was on the brief, for appellant.

Asst. Atty. Gen. William H. Orrick, Jr., with whom Mr. David C. Acheson, U. S. Atty., and Messrs. Alan S. Rosenthal and John C. Eldridge, Attys., Department of Justice, were on the brief, for appellee. Mr. Donald MacGuineas, Attorney, Department of Justice, also entered an appearance for appellee.

Mr. Herbert S. Thatcher, Washington, D. C., filed a brief on behalf of The International Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers and Helpers (AFL-CIO), et al., as amici curiæ, urging reversal.

Before WILBUR K. MILLER, Chief Judge, and PRETTYMAN and WASHINGTON, Circuit Judges.

PRETTYMAN, Circuit Judge.

The Secretary of Labor, acting by authority claimed under Section 601 of the Labor-Management Reporting and Disclosure Act of 1959,[1] issued a subpoena to the appellant union, requiring it to have certain records available at its office for the inspection of representatives of the Secretary. Upon application of the Secretary, the District Court issued an order to show cause why the union should not be required to appear before the Secretary, at such time and place as the court might determine, and there produce the papers specified in the subpoena. After memoranda and argument the court, relying upon Goldberg v. Truck Drivers Local Union No. 299,[2] concluded that the subpoena should be enforced and issued an order to that effect. The union appealed, and this court stayed the effectiveness of the order pending the appeal.

In its brief here the appellant union raised several points. However the Local 299 case involved two subpoenas almost identical with the one now before us, except that they did not specify "membership files" or membership lists, and they called for records for the full calendar year 1959; and the Supreme Court has denied certiorari in that case.[3] We accept and adopt the dispositions made by the Sixth Circuit in that case. We find it necessary to discuss two points raised by our appellant, not covered by the opinion of the Sixth Circuit.

## I

The Secretary included in his subpoena a requirement that the union produce, among other documents, "membership files both active and inactive". Both parties assume that by "membership files" the Secretary means lists of individual members.[4] Upon that assumption appellant says (1) that it has no individual members and therefore has no such lists, (2) that the Act contains no requirement that it have or maintain such lists, and (3) that even if the union had such lists the Secretary has no statutory authority to require their production.

(1) The Local 299 case, supra, had to do with a local union and so did not concern membership lists of a parent international union. Appellant says, in an attachment to its initial report (under Section 201(a)[5] of the statute) that it does not have any "direct membership" but consists of an unlimited number of

1. 73 Stat. 539, 29 U.S.C.A. § 521.

2. 293 F.2d 807 (6th Cir. 1961).

3. 368 U.S. 938, 82 S.Ct. 379, 7 L.Ed.2d 337 (1961).

4. Appellant's Br. 28, 30, 31; Appellee's Br. 24. The same assumption appeared throughout the oral argument.

5. 73 Stat. 524, 29 U.S.C.A. § 431(a).

local unions. It says it does not receive any direct initiation fees, transfer fees, regular dues, or other periodic payments from individual members, but receives its funds from per capita taxes from each affiliated local union. It further says that as a matter of fact it has no lists of the individual members of its affiliated local unions. On oral argument counsel for the union said that the only document resembling a membership list is a subscription list to a publication of the union, but that such list does not purport to be an accurate reflection of the individual membership and does not in fact reflect such membership. Also on oral argument counsel said that the lists of the individual members of the local unions are kept by those unions.

On the other hand the constitution of the appellant union, which appears as Exhibit 1 to the report of the union under Section 201(a) of the Act, provides in Article II, Section 2(a):

> "Any person of good moral character, employed in the craft or the various employments over which this International Union has jurisdiction, shall be eligible to membership in this organization."

And Article XXII of that constitution contains the following:

> "Section 11. Local Union Secretary-Treasurers must pay to the General Secretary-Treasurer forty cents (40c) out of every due collected by the Local Union.

> "Section 12. Local Union Secretary-Treasurers must report the names and addresses of all new members coming into the Local Union to the General Office.

> "Section 13. Local Union Secretary-Treasurers shall send to the General Secretary-Treasurer a re-

vised list quarterly of the names and addresses of all members in good standing in the Local Union." [6]

Thus a question of fact is presented between the terms of the constitution and appellant's statement of the facts. The matter was not explored in the District Court. However the District Court's disposition of the case reflects an adoption of the version contained in the constitution. This seems to us to have been a reasonable course. At the same time, the eventual program in this very important and delicate field of labor law ought not to rest upon erroneous facts. Therefore we delay our final order in the case for fifteen days to permit the appellant union, if it be so advised, to submit an appropriate motion, as described at the conclusion of this opinion.

(2) As to whether the Act requires the appellant union to have or maintain membership lists, Section 206 provides: [7]

> "Every person required to file any report under this title shall maintain records on the matters required to be reported which will provide in sufficient detail the necessary basic information and data from which the documents filed with the Secretary may be verified, explained or clarified, and checked for accuracy and completeness, and shall include vouchers, worksheets, receipts, and applicable resolutions, and shall keep such records available for examination for a period of not less than five years after the filing of the documents based on the information which they contain."

The reports which this appellant union is required to file are described in Section 201 of the Act. Subsection (a) [8] requires a report which contains, *inter alia*, the initiation fee required from "a new or transferred member", the regular dues

6. And see Art. IX, § 3(a) and (b); Art. XIV, § 1(a) and (b); Art. II, § 2(d), last sentence; Art. XVIII, § 13(c). The constitution also provides (Art. VI, § 7 (b)): "The Local Union Secretary-Treasurer shall at reasonable intervals provide the Office of the General Presi-

dent with current lists of members in good standing so that they may receive the Journal."

7. 73 Stat. 529, 29 U.S.C.A. § 436.

8. Supra note 5.

or other periodic payments required to remain a member of the organization, and detailed statements showing the provisions made with respect to qualifications for or restrictions on membership, levying of assessments, participation in insurance or other benefit plans, other financial data, the imposition of fines, suspensions, and expulsions of members, and provisions relating to collective bargaining. Subsection (b) of this Section requires annual reports containing information necessary accurately to disclose the financial condition and operations of the organization for the preceding year. For example, the annual report filed by this union for the year 1960 is on a printed form (LM–2) which contains an item "Dues (or per capita tax)", and the union made an entry in dollars on this item.

The question under the statute, applying Section 206 to Section 201, is whether lists of the individual members of the locals are part of the necessary basic information and data from which the reports filed with the Secretary by the appellant union may be verified, explained or clarified, and checked for accuracy and completeness. This is a question of fact depending upon the terms of the constitution of the appellant union and upon the practices of the union in respect to initiation fees, dues, and the other matters mentioned in Sections 201 and 206. These issues were not included among those tried in the District Court. We therefore cannot resolve them here on this record. The Secretary's position is that a list of the members is necessary in order that the dollar entry in the above-mentioned item may be checked for accuracy. He takes the same position in respect to the necessity of membership lists for the purpose of checking other dollar entries in the reports filed by the union. The union says such lists of members are not necessary for these purposes.

The union says its receipts are from the local unions, but apparently these payments are based upon per capita computations. It would seem that the union itself would have in its files records which are sufficient for it to check the accuracy of the payments transmitted by the local unions.[9] It seems apparent to us that under the statute the Secretary is entitled to inspect such basic data as is reasonably necessary to check the accuracy of dollar entries in the reports. Whether the membership lists are in fact necessary for this purpose, under the methods of operation of this union, is a question of fact. We leave it to the District Court under the conditions outlined at the end of this opinion.

(3) In respect to this contention ((3), supra) the appellant union points to the extreme care which Congress has taken in protecting from publication membership lists of unions. For example, in the Conference Report[10] which preceded the adoption of the Labor-Management Reporting and Disclosure Act of 1959, the House Managers had the following to say:

"The substitute agreed upon in conference contains both the provisions of the Senate bill and of the House amendment, except that the provisions from the House amendment are modified to deny candidates the right to copy membership lists and to restrict the right of candidates to inspect such lists to one time within 30 days of the election."

The Act itself, in Section 401(c),[11] provides in part:

"Every bona fide candidate shall have the right, once within 30 days prior to an election of a labor organization in which he is a candidate, to inspect a list containing the names and last known addresses of all members of the labor organization who are subject to a collective bargaining agreement requiring

---

9. See Art. XXII, §§ 11–13 of the constitution of the union, quoted hereinabove.

10. H.R.Rep.No. 1147 on S. 1555, 86th Cong., 1st Sess. 34 (1959).

11. 73 Stat. 532, 29 U.S.C.A. § 481(c).

membership therein as a condition of employment, which list shall be maintained and kept at the principal office of such labor organization by a designated official thereof."

The foregoing provision demonstrates, says appellant, that Congress granted only bona fide candidates for office the right to inspect a membership list of a labor organization, and such a candidate had that right only once prior to the election; that his right was only to inspect the list and not to make copies; and that the members whose names the candidate was entitled to see were only those who were subject to a collective bargaining agreement. A membership list such as is described in the last clause, says appellant, would already be in the hands of the employer party to the bargaining agreement and thus would not be confidential to the union. Under the Labor-Management Reporting and Disclosure Act of 1959, says the appellant, the Secretary was authorized to make available to any "interested persons" any information which he is entitled to secure under his subpoena power. Therefore, says appellant, if the Secretary be empowered to require production of membership lists, he would be empowered to destroy the protection which Congress has so carefully given such lists.

■■■ We agree with the appellant union that the policy of Congress to protect from disclosure the membership lists of unions is clear. Whatever right the Secretary has to inspect such lists is subject to the limitations of that policy. It may be that the Secretary has a right to inspect, without the right to copy. It may be that summary records, which could be checked for accuracy, might be sufficient to satisfy the requirements of Section 206 for "necessary basic information and data" from which the reports can be checked, without the necessity of inspecting lists of names and addresses of members. It might be that a court order enforcing the subpoena could contain restrictions upon the Secretary in respect to his reporting to interested persons, or his making public in any man-

ner, any membership lists which he may be entitled to inspect. We think that the framing of a proper enforcement order, under the foregoing considerations, should be by the District Court, if application is made for the consideration of proffered evidence relevant and material to these features of the order.

## II

■■■ The Act became effective September 14, 1959. Section 207(b) provides that annual reports shall be filed within ninety days after the end of each fiscal year. But that subsection contains an exception. It provides that, if a person must file a report for only part of a fiscal year, because September 14, 1959, occurs during such person's fiscal year, "such person may consider that portion [of the fiscal year] as the entire fiscal year in making such report." The fiscal year of the appellant union was the calendar year. Since it was thus subject to file a report for only a part of the fiscal year 1959, it was entitled to consider the three and a half months (September 14th–December 31st) as its entire fiscal year in making such report. It made its first report for the six-month period July 1, 1959, to December 31, 1959. Although this does not appear to be precisely in accordance with the terms of the statute, the Secretary accepted it as properly filed. In the subpoena here in dispute the Secretary called for the records for the six-month period for which the report was filed. The appellant union says that the statute is not retroactive and that, therefore, even if its records are subject to inspection by the Secretary, the right of inspection does not apply to any records prior to September 14, 1959. The Secretary says that the union chose to file as a report its data for the six-month period and that in order to check the accuracy of such report he deems it necessary to inspect the records for that six-month period. We agree with this position of the Secretary. In the first place, a statute requiring a report to be filed after the statute is enacted, but which report goes back into

a prior period for information, is not considered to be a retroactive statute. The prime examples of this are the income tax statutes; the "1918 Act", which required returns for the year 1918, was not enacted until February, 1919; and there are many other examples. In the second place, we agree that it would be impossible to check the report for the six-month period July 1st–December 31st if the inspector had the records for only the three-and-a-half-month period September 14th–December 31st.

The essence of the argument of the appellant union is that the statute requires records to be maintained "on the matters required to be reported" (Section 206); that it is "required" by Section 207(b) to file a report for 1959 for only the period September 14th–December 31st; and that therefore it is required to maintain records for only that period September 14th–December 31st. But the statute gives every person rendering this first annual report under Section 201(b) an option to consider that portion of the year as its entire fiscal year for the purpose of making the report, and the statute is specific and without exception as requiring every person filing "any report" to maintain records sufficient to permit the Secretary to verify such report and check it for accuracy and completeness. It seems plain that, when the appellant union chose to file its first annual report for the six-month portion of the year, it assumed the burden imposed by the statute of maintaining the necessary records in respect to the report which it chose to file.

The subpoena in the Local 299 case, supra, required records for the entire calendar year 1959. Neither the District Court nor the Circuit Court of Appeals discussed the point in that case, but the decision of the Court of Appeals was to sustain the subpoena.

■ In view of the foregoing, on this record we will affirm the order of the District Court, but for the reasons hereinbefore stated we will withhold entry of our judgment for fifteen days to enable the union, if it be so advised, to file in this court a motion to remand the cause to the District Court with leave to the union to file in that court an appropriate motion, praying that the court receive and consider evidence in respect to its "membership files" or its membership lists in accordance with this opinion, and hold such further proceedings as may be appropriate to that motion; provided that in or accompanying its motion in this court the appellant union shall (1) specify the issues raised by it in respect to such files or lists and (2) proffer by description the evidence deemed by it to be relevant and material to the issues thus posed. If the cause is reopened upon remand to the District Court, that court shall make findings of fact and conclusions of law and prepare a suggested appropriate order. In such event the District Court shall report to this court its findings, conclusions, and proposed order. For the purposes of any such remand, if one be directed, this court will retain jurisdiction. If a motion to remand is not filed in this court within the time specified, the order of the District Court, now before us on appeal, enforcing the subpoena without modification, shall stand affirmed and our judgment to that effect will be entered. In no event do we intend that the making of any such motion to remand or any proceedings thereon shall operate to delay or postpone the union's obligation to obey the subpoena forthwith with respect to all items therein named other than membership files or membership lists.