Arthur J. GOLDBERG, Secretary of Labor, United States Department of Labor

v.

SEWELL MANUFACTURING COMPANY, NEWNAN DIVISION.

Civ. A. No. 599.

United States District Court
N. D. Georgia,
Newnan Division.

Sept. 21, 1962.

**294**

Charles L. Goodson, U. S. Atty., Atlanta, Ga., for plaintiff.

Wilson, Branch & Barwick, John W. Wilcox, Jr., Atlanta, Ga., for defendant.

HOOPER, Chief Judge.

This case involves an application of the Secretary of Labor to secure judicial enforcement of subpoena duces tecum issued by him and served upon the Sewell Manufacturing Company, a corporation (hereinafter referred to as respondent). The purpose of the subpoena was to launch an investigation under the authority of the Labor-Management Reporting and Disclosure Act, 29 U.S.C.A. § 521.

The return and affidavit of the compliance officer show that the subpoena was served upon J. W. Laniar, Secretary-Treasurer of respondent, on January 12, 1962. At the hearing (January 16, 1962) respondent appeared through its attorney who announced that the documents and records sought by the subpoena were not then in existence and never were in existence. A written motion to quash the subpoena duces tecum was submitted. No appearance was entered by any officer of respondent and the present application for enforcement followed. The non-existence of the desired records is reiterated here by the affidavit of J. W. Laniar, Secretary-Treasurer; Roy B. Sewell, Jr., President; Alexander Wilson, Attorney and Lee S. Alford, Certified Public Accountant, all of which are submitted in support of respondent's motion for summary judgment dismissing the application. The answer injects a second issue by seeking to justify the officer's failure to appear, namely " * * this respondent denies that the Secretary has *reasonable grounds* for believing that the respondent has violated or is about to violate any provision of the law." Paragraph 2, Resposse.

■■ The effect of respondent's action has been to deny any administrative agency the opportunity to determine, upon the basis of sworn testimony, whether the records subpoenaed do in fact exist. The question of "existence" properly directs itself to the Area Director before whom the respondent was directed to appear. The question at this stage is simply whether or not the officers should be compelled to appear before the Area Director. See 15 U.S.C.A. §§ 49, 50, made applicable here by virtue of 29 U.S.C.A. § 521(b); United States v. Ruzicka, 329 U.S. 287, 67 S.Ct. 207, 91 L.Ed. 290 (1946). Finally, an investigation by the Secretary need not be predicated upon reasonable cause to believe a violation of the Act has occurred. Goldberg v. Truckdrivers Local Union #299, 293 F.2d 807 (6 Cir., 1961), cert. denied 368 U.S. 938, 82 S.Ct. 379, 7 L.Ed.2d 337 (1962); International Brotherhood of Teamsters v. Goldberg, 112 U.S.App.D.C. 391, 303 F.2d 402 (1962), cert. granted,

370 U.S. 938, 82 S.Ct. 1589, 8 L.Ed.2d 808.

The foregoing meets and disposes of the issues properly presented. Accordingly, IT IS ORDERED that the officers of respondent appear to testify as originally specified in the subpoena duces tecum at a time to be fixed by the Area Director. At that time the Area Director may determine whether or not the documents and records sought are in existence and advise this Court of any further action necessary to enforcement of the subpoena duces tecum.