372 F.2d 86
 W. Willard WIRTZ, Secretary of Labor, United States
Department of Labor, Appellant,
v.
LOCAL 153, GLASS BOTTLE BLOWERS ASSOCIATION OF the UNITED
STATES AND CANADA, AFL-CIO (GBBA).
 Nos. 15759, 16048.
 United States Court of Appeals Third Circuit.
 Argued Nov. 14, 1966.
Decided Dec. 16, 1966.
 
 Robert V. Zener, Dept. of Justice, Civil Division, Appellant Section, Washington, D.C. (John W. Douglas, Asst. Atty. Gen., gustave Diamond, U.S. Atty., Morton Hollander, Howard J. Kashner, Attys., Dept. of Justice, Washington, D.C., on the brief), for appellant.
 Albert K. Plone, Camden N.J. (Jubelirer & Savage, Pittsburgh, Pa., and Plone, Tomar, Parks & Seliger, Camden, N.J., on the brief), for defendant-appellee.
 Before McLAUGHLIN, KALODNER and HASTIE, Circuit Judges.
 OPINION OF THE COURT
 HASTIE, Circuit Judge.
 
 
 1
 Section 402(b) of the Labor-Management Reporting and Disclosure Act of 1959, 73 Stat. 519, 534, 29 U.S.C. 482(b), provides in part that whenever the Secretary of Labor's investigation of a complaint made by a member of a local union gives him probable cause to believe that rights to be a candidate or to vote in an election of union officers, or to hold union office, as protected by section 401(b) and (e) of the Act, have been violated, the Secretary 'shall * * * bring a civil action against the labor organization * * * to set aside the invalid election * * *.' This is such an action. The complaint filed in March, 1964, alleges that, through investigation of a complaint by a union member, the Secretary has found probable cause to believe that Glass Bottle Blowers Local 153 violated section 401(b) and (e) of the 1959 Act in its 1963 nomination and election of union officers. The complaint asks for a judgment 'declaring the election held by the defendant union on October 18, 1963, to be null and void' and 'directing the conduct of a new election under the supervision of the plaintiff'.
 
 
 2
 After pretrial procedures extending over more than a year, the case was tried to the district court without a jury. In August, 1965, the court filed an opinion and caused judgment to be entered dismissing the complaint. The court found that the union's international constitution and local by-laws unlawfully restricted the eligibility of members to be candidates for union office. However, it also found that the evidence did not establish that this violation 'may have affected the outcome' of the 1963 election, a requirement which section 402(c) expressly makes prerequisite to the judicial granting of relief.
 
 
 3
 The Secretary appealed from this judgment. However, while this appeal was pending, he also sought and obtained from this court an order remanding the cause to the district court, without relinquishing jurisdiction for the review of the original judgment, for the purpose of entertaining and adjudicating a post-judgment motion for further relief.
 
 
 4
 Upon remand, the Secretary filed a post-judgment motion alleging under oath that the union had elected new officers on October 12, 1965 under the same restrictions upon eligibility for office that had been the subject of the complaint with reference to the 1963 election and asking that the 1965 election be invalidated and a new election ordered under the Secretary's supervision. The court denied this motion, ruling on the merits of the motion 'that no candidate or candidates for union office were deterred or disqualified from being candidates by reason of application of said regulations'.
 
 
 5
 The case is now before us upon separate appeals from the original judgment and from the order denying the post-judgment motion.
 
 
 6
 We hold that the 1965 election of officers, as disclosed in the post-judgment motion, made the original action challenging the 1963 election moot. This question has very recently been considered and decided by the Court of Appeals for the Second Circuit. Wirtz v. Local Unions 410, 410A, 410B, & 410C, Int'l. Union of Operating Engineers, 1966, 366 F.2d 438. That court reasoned as follows:
 
 
 7
 'The exclusive remedy which Congress has created for challenging a union election, see 29 U.S.C. 483, is a suit by the Secretary to declare the election void and to direct the conduct of a new election. * * *'
 
 
 8
 '* * * It would serve no practical purpose with respect to these locals to declare their 1962 elections void because the terms of office there-by conferred have expired. And because Title IV does not permit the Secretary to seek either to enjoin future elections, or to declare a given candidacy requirement unlawful absent a valid complaint and an investigation of its application to a specific election, * * * we conclude that we have no power to afford the Secretary relief and therefore that these cases are moot.' 336 F.2d at 442.
 
 
 9
 To us this reasoning is persuasive and requires no elaboration. The Secretary's original action, based upon the 1963 election, is now moot.
 
 
 10
 We have also considered the socalled post-judgment motion as in substance an amended or supplementary complaint attacking the 1965 election. However, that new challenge to the 1965 election must fail because no member of the union has filed with the Secretary a complaint seeking to invalidate that election.
 
 
 11
 For whatever reasons, Congress, in enacting the enforcement provisions contained in section 402, did no more than to provide and administrative and judicial procedure for determining the legality of a particular election of local union officers. The only suit authorized under section 402 is a suit by the Secretary to set aside that election of which an aggrieved unionist has complained. Wirtz v. Loacl Unions 410, 410A, 410B, 410C, Int'l. Union of Operating Engineers, supra; Wirtz v. Local 191, Int'l. Brotherhood of Teamsters, et al., D. Conn.1963, 218 F.Supp. 885, aff'd, 2d Cir. 1963, 321 F.2d 445. Therefore, absent a complaint by a union member challenging the 1965 election, the Secretary had no authority to sue to establish the invalidity of that election. The denial of the post-judgment motion was proper, although we so decide for a reason different from that given by the court below.
 
 
 12
 While this action must be dismissed, we think it appropriate to make the additional observation that it is within the power of the Secretary to prevent such a controversy as was presented by his original complaint here from becoming moot. The available remedy, as pointed out by the Court of Appeals for the Second Circuit, is a proceeding 'to enjoin a union from holding an election, or from giving effect to one already in process, where it is apparent that the Secretary is likely to succeed in his claim that the election under which the union's officers are currently serving was conducted in violation of the requirements of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. 481, where the impending balloting is apparently being conducted under substantially similar conditions, where it also appears that such injunction will not cause serious injury to the unions concerned, and where the Secretary is likely to suffer a very real deteriment in his attempt to enforce the law if such restraining order is not granted'. See Wirtz v. Local Unions Nos. 545, 545-A, 545-B and 545-C, Int'l. Union of Operating Engineers, 2d Cir. 1966, 366 F.2d 435, 436. The court directed that the requested injunction issue.
 
 
 13
 In addition to granting such relief, we are sure that this court and the district courts in this circuit will, upon request, expedite the hearing and disposition of cases in which the Secretary challenges the validity of union elections in order that disruptive disputes over the right and title of union officers may not be unduly protracted.
 
 
 14
 Finally, the Secretary contends that, in ruling adversely upon his contention that the illegal disqualification of candidates 'may have affected the outcome' of the 1963 election, the district court misconstrued the statute and treated it as requiring proof that the illegal conduct did in fact affect the outcome of the election. The mootness of the controversy makes it unnecessary to decide that question. However, we think we should not permit the decision below to stand as a precedent on this contested issue which we have declined to review.
 
 
 15
 Accordingly, the judgment on the merits of the principal controversy and the order denying post-judgment relief will both be vacated and the cause remanded with instructions to dismiss the original complaint as moot and also to dismiss the motion for post-judgment relief for lack of a prerequisite complaint by a union member.