W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

LOCAL 66, GLASS BOTTLE BLOWERS ASSOCIATION OF the UNITED STATES AND CANADA, Defendant.

Civ. A. No. 66–456.

United States District Court
W. D. Pennsylvania.

June 1, 1967.

Stanley W. Greenfield, Asst. U. S. Atty., Gustave Diamond, U. S. Atty., for plaintiff.

Ben Paul Jubelirer, Stuart E. Savage, Pittsburgh, Pa., Albert K. Plone, Camden, N. J., for defendant.

## OPINION

DUMBAULD, District Judge.

This case presents what may be jocosely called old wine in new glass bottles. The situation is substantially the same as in Wirtz v. Local 153, Glass Bottle Blowers Assn., 244 F.Supp. 745 (W.D. Pa.1965). We are dealing here with Local 66 of the same union. One might, even say, upon reading the opinion in that case, *Mutato numero, fabula de te narratur*. Let it be known at once that so far as this Court is concerned, that case is good law and will not be reiterated with any elaboration herein but reaffirmed *uno ictu*.[1]

The defendant union undertakes to distinguish the cases by its contention that here, although the 75 per cent rule was still in effect, its impact was tempered by a local custom or practice which tolerates and recognizes a more extensive range of excuses for absence than is consistent with the literal terms of the applicable union regulations. Defendant wishes this Court to hold that its conclusions regarding the 75 per cent rule *simpliciter* do not apply to a 75 per cent rule *secundum quid*. The *quid* is a liberalized range of excuses allegedly prevailing under the customs and practices followed in the administration of Local 66.

In substance we think defendant is seeking to elicit from this Court an advisory opinion as to the validity of the liberalized provisions of the present by-laws of Local 66, which since the trial in April, 1967, were approved by the international president on May 8, 1967,[2]

---

1. The Court of Appeals in the same case, 372 F.2d 86, 89 (C.A. 3, 1966), expressly refused to "permit the decision below to stand as a precedent" but from the context it seems that this comment refers only to the "contested issue" as to whether the outcome of the 1963 election may have been affected.

2. Defendant's brief, p. 26.

and are presumably now in force and will be applied in the September, 1967 election.

We deem it prudent to sidestep this invitation to indulge in *obiter dictum* which is necessarily *brutum fulmen,* and to leave the parties to litigate that election after it takes place, in the event a non-moot case arises under the procedures suggested by the Court of Appeals at 372 F.2d 88–89.

Once again, however, although we find the regulations applicable to the 1965 election "unreasonable" under 29 U.S.C. § 481(e), we are unable to make the finding of probable causal relation between the statutory violation and the outcome of the election.

It seems clear that even under the challenged (and in our opinion, unreasonable) by-laws the complainant here, one Edward Razvoza, could have, by the timely exercise of diligence, qualified himself as a candidate had he wished to run for union office. At no time has he declared himself as a candidate for any post. The old by-laws recognize being at work as a valid excuse, and by taking advantage of this excuse complainant would have been eligible.

Even after the establishment of an election committee, it seems that Razvoza's eligibility would have been declared if he had prosecuted the issue before the committee; although there may be some doubt whether the liberal (or loose) practices tolerated in Local 66 in the face of the literal terms of the by-laws can be regarded as valid. As plaintiff points out, 29 U.S.C. § 481(e) requires that "The election shall be conducted in accordance with the constitution and bylaws of such organization insofar as they are not inconsistent with the provisions of this subchapter." The desuetude of statutes by custom provides an interesting topic for academic speculation by scholars [3] but is not recognized in our law, especially in the case of a matter where it is important to safeguard union democracy by preventing

arbitrary exercise of discretion by union officers to the detriment of the rank and file of the union membership. See 244 F.Supp. at 749.

It follows that the instant action should be dismissed.

---

3. John Chipman Gray, The Nature and Sources of the Law (2nd ed. 1931) 189–97, 329–34.