George P. SHULTZ, Secretary of Labor, United States Department of Labor

v.

LOCAL 1291, INTERNATIONAL LONG-SHOREMEN'S ASSOCIATION.

Civ. A. No. 35849.

United States District Court
E. D. Pennsylvania.

April 17, 1969.

Drew J. T. O'Keefe, U. S. Atty., and Joseph H. Reiter, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Abraham E. Freedman, and Martin J. Vigderman, Freedman, Borowsky & Lorry, Philadelphia, Pa., for defendant.

## OPINION AND ORDER

BODY, District Judge.

### I.

This action was instituted by the Secretary of Labor, United States Department of Labor, under Title IV of the Labor Management Reporting and Disclosure Act of 1959 (L.M.R.D.A.) (Act of September 14, 1959, 73 Stat. 519, 29 U.S.C. § 481 et seq., Landrum-Griffin Act). It seeks to have an election of officers held by the defendant local union on December 10, 1963 declared null and void and to require a new election conducted under the supervision of the Secretary of Labor. Jurisdiction is conferred upon this Court by Section 482 (b) of the L.M.R.D.A.

The procedural history of this case is fairly long. The action was brought on May 25, 1964. Trial was held on November 22, 23, and 24, 1965 before the late Honorable Allan K. Grim, Senior Judge. On December 23, 1965, following the passing of Judge Grim, this case was assigned to this Court. On June 3, 1966, the parties stipulated that the testimony given before Judge Grim and the stipulations of the parties entered into at the pretrial hearing became the record in this proceeding.

On December 22, 1966, the Court on the basis of Wirtz v. Local 153, Glass Bottle Blowers Association, 372 F.2d 86 (3rd Cir., 1966) decided this case was moot because of the subsequent 1965 election and dismissed the complaint. Because of the Supreme Court's reversal [1] in the Wirtz v. Local 153 case, supra, on March 14, 1968, the Third Circuit Court of Appeals vacated the order of this Court which dismissed the action as moot, and remanded the case for further proceedings consistent with Wirtz v. Local 153, supra.

On March 6, 1969 this Court heard oral arguments in this case.

Because of this Court's ruling with respect to the issue of exhaustion of internal union remedies, the subsequent findings of fact will concern mainly that issue.

The subject of this suit is Rule 3(c) (3) of Local 1291's By-laws which states:

> "In accordance with tradition heretofore observed, the President shall be of the colored race, Vice President, white, Recording Secretary, white, Financial Secretary, colored, Asst. Financial Secretary, white, 4 Business Agents, equally proportioned, 3 Trustees (Auditors) 1 white & 2 colored, 2 Sergeant at Arms, 1 colored and 1 white."

Local 1291, International Longshoremen's Association (I.L.A.) from the time of its inception in 1932 to the present has had approximately a 50–50 split in membership between blacks and whites.

On December 10, 1963 Abdullah Ahmad Bey, who had been nominated for President, was defeated in a union election. Prior to this date Bey had neither formally complained about Rule 3(c) (3) nor had he attempted to nominate any black for a white designated office, or a white for a black designated office, at the nominations which took place on November 19, 1963.

On December 16, 1963, Bey complained of Rule 3(c) (3) of the By-laws to the President of Local 1291, Richard L. Askew. On December 30, 1963, Bey was given a hearing before the Local's Executive Board, where he appeared with witnesses and testified. Two weeks later, he received a decision against him. The Executive Board itself then referred the matter to the membership of the Local. Bey appeared before the entire body, and the membership voted to sustain the Executive Board.

On February 8, 1964, Bey sent a letter intended as an "appeal" to the President of the Philadelphia District Council, I.L.A., Mr. Bailey. Mr. Bey testified he sent copies to Joseph M. Kane, Corresponding Secretary of the Local, to the Atlantic Coast District, and to the Inter-

---

1. 389 U.S. 463, 88 S.Ct. 643, 19 L.Ed.2d 705 (1968).

national President. Mr. Kane denied receiving the copy.

Mr. Bey testified that he did not send his appeal to the District Council's secretary, Joseph S. Kane, because Mr. Kane was also a member of the Local Executive Board which had ruled against him on his first appeal. Mr. Bey testified that he received no response from the District Council or Mr. Bailey, and went immediately to the Department of Labor on March 26, 1964 with a complaint. On April 10, 1964, Mr. Bey received a letter from Joseph S. Kane, the District Council's Secretary, stating that he had been unaware of the letter of "appeal" to Mr. Bailey and that he would schedule a hearing for Mr. Bey if he wanted one. Mr. Bey ignored this offer.

Mr. Bey stated that he had considered five days as a reasonable period within which to hear from the District Council.

Mr. Bey also testified that he would "possibly" have nominated certain named persons for office · were it not for the race formula in the By-laws.

## II. *Issues*

The crux of the plaintiff's complaint is that By-law Rule 3(c) (3) which qualifies and reserves the Local's officers by race, between black and white, violated 29 U.S.C. § 481(e) by the proceedings and election which took place in November and December, 1963. Section 481(e) provides that:

> "In any election * * * a reasonable opportunity shall be given for the nomination of candidates and every member in good standing shall be eligible to be a candidate and to hold office (subject to section 504 of this title and to reasonable qualifications uniformly imposed) and shall have the right to vote for or otherwise support the candidate or candidates of his choice * * *."

The Secretary of Labor under 29 U.S.C. § 482(b) investigated Mr. Bey's complaint, found probable cause to believe there was a violation, and filed this complaint to invalidate the election and to direct the conduct of an election under his supervision.

The plaintiff claims also that Mr. Bey exhausted his internal union remedies and did not receive a determination within the prescribed time of three calendar months. Section 482(a) (2).

The defendant contends that the Local Rule 3(c) (3) provides a formula for the election of officers which is reasonable and in conformity with the Act. And, further, that it accomplishes the goal of genuine integration sought by the various Civil Rights Acts.

The defendant contends that this Court is without· jurisdiction over the subject matter of this case because Mr. Bey has not exhausted the remedies available under the Constitution and By-laws of the Union, such exhaustion being required under 29 U.S.C. § 482(a).

The defendant further contends the By-law could not possibly have affected the outcome of the election since there was no effort made to nominate any person which was refused.

## III. *Conclusions*

This Court believes that Mr. Bey did not exhaust his internal union remedies and the Secretary of Labor was without authority to file this complaint. Therefore, this Court is without jurisdiction over the subject matter of this suit.

The L.M.R.D.A., 29 U.S.C. § 482(a) states:

> "A member of a labor organization—
>
> (1) who has exhausted the remedies available under the constitution and bylaws of such organization and of any parent body, or
>
> (2) who has invoked such available remedies without obtaining a final decision within three calendar months after their invocation,
>
> may file a complaint with the Secretary * * *."

This Court does not believe that Mr. Bey satisfied either of the above requirements. Section 1 of Article XIX, "Ap-

peals", of the I.L.A. Constitution provides:

"Appeals may be taken from any decision under Article XVIII and from any action, failure to act or decision in the exercise of the original or appellate jurisdiction provided for in this Constitution."

Section 2 provides:

"An appellate body specified in Section 1 of this Article may hear and determine an appeal filed with it notwithstanding the fact that such appeal has not first been submitted to or decided by a subordinate appellate body pursuant to the provisions of Section I of this Article, in which event the subordinate appellate body shall not act upon the appeal; * * *"

With regard to Section 1 it can be fairly stated that Mr. Bey not only could have appealed to the Executive Council from the District Council's *inaction,* but also that Mr. Bey specifically stated at trial that he considered five days as a reasonable period of time to hear from the District Council. Thus, if Mr. Bey had appealed to the Executive Council from the District Council's inaction, he might have done so on February 14, 1964, which would have given the Executive Council time to have made its decision within the statutory three (3) month period required by Section 482(a) (2).

In this connection it should also be noted that Mr. Bey deliberately bypassed the Secretary of the District Council, as required by Article XIX, Section 3, and sent his letter of "appeal" to its President, Mr. Bailey. That Section states:

"The secretary with whom the appeal is filed shall promptly transmit copies thereof, together with a notice of the date of hearing thereon, which shall be held not less than five days from the date of the notice, to the parties to the appeal * * *."

Mr. Bey stated that he did not send the letter to the Secretary, Joseph S. (Turk) Kane:

"* * * because I knew that Mr. Kane was a member of the Executive Board which had first tried me * *. I realized that in order for it to possibly get to the right hands I would send it to the president of the District Council, and that he in turn, along with Mr. Kane, would take it under advisement and give me some answer." N.T. 136

It is obvious that Mr. Bey had some knowledge of why the District Council did not answer his appeal immediately. Finally, on April 10, 1964, after the Secretary of Labor received Bey's complaint, Mr. Bey received a letter from J. S. Kane, Secretary of the District Council, offering Mr. Bey a hearing. Kane stated that:

"Apparently, Mr. Bailey assumed that I, as Secretary, also received a copy of the letter, as I am supposed to get as Secretary of the District Council, and mistakenly took no action. We knew nothing about your letter until yesterday when we learned about it from the Department of Labor officials."

Mr. Bey did not accept the offer of a hearing.

As concerns Section 2 of Article XIX, the Third Circuit Court of Appeals has noted the fact that a complainant may appeal directly to the highest union authority if he so desires. In Harris v. International Longshoremen's Assn., Local 1291, 321 F.2d 801, 804 (1963), the Court of Appeals stated:

"But that article does not make successive resort to each of these agencies mandatory. Any higher one may preempt the jurisdiction of a lower one. * * * Indeed, section 6 of article XIX directs that a member seeking to exhaust his remedies in accordance with the provisions of section 5, * * * forego intermediate appeals and file his appeal directly with the Executive Council of the international union, whose decision shall be final."

The Court of Appeals further states that:

"Taken as a whole, the provisions of articles XVIII and XIX of the I.L.A. constitution fairly indicate reasonable steps which should be taken by an aggrieved member seeking to exhaust internal remedies prior to bringing suit against the union."

This Court's belief that Mr. Bey had sufficient knowledge of union appeals procedures is buttressed by the Circuit Court's decision that Bey among others had not exhausted their union remedies. In Harris v. International Longshoremen's Assn., Local 1291, supra, at 806–807, the court stated:

"The undisputed facts and the inferences which may be drawn from them point compellingly to the conclusion that Bey's failure to resort to formal internal procedures was a product not of ignorance of union grievance procedure but of preference for the judicial forum. * * *"

## ORDER

Accordingly, this seventeenth day of April, 1969, it is ordered that the complaint be dismissed for failure of Mr. Bey to exhaust his union remedies required by 29 U.S.C. § 482(a) before the Secretary of Labor may file a complaint in this matter.