OPINION OF THE COURT
Richard S. Lane, J.
Petitioner seeks leave pursuant to section 621 of the Not-For-Profit Corporation Law to inspect and copy the membership list of respondent union. Petitioner is a candidate for vice-president of the union. Respondent does not oppose inspection nor even transcribing onto envelopes for mailing, but objects to copying as such or making any extracts.
Respondent asserts the clear policy of the Labor-Management Reporting and Disclosure Act against copying in order to protect the confidentiality of union membership lists (US Code, tit 29, § 481, subd [c]; International Brotherhood of Teamsters, Chauffers, Warehousemen & Helpers of Amer. v Goldberg, 303 F2d 402, 405-406, cert den 370 US 938; Conley v Aiello, 276 F Supp 614, 615-616). And respondent argues Federal pre-emption.
Petitioner relies on Matter of Frankland (NYLJ, June 16, 1977, p 5, col 3) in which this same petitioner obtained permission to copy this same respondent’s list. In that case Justice Ascione disposed of the Federal pre-emption argument on the ground that there was no election pending. *733 Election or no election, the Federal pre-emption argument must fail because the Labor-Management Reporting and Disclosure Act by its own terms requires yielding to more favorable remedies under State law (US Code, tit 29, § 523, subd [a]; see Bell v Waterfront Comm. of N.Y. Harbor, 183 F Supp 175, affd 279 F2d 853).
Subdivision (b) of section 621 of the Not-For-Profit Corporation Law explicitly authorizes the making of extracts and the affidavit required by subdivision (c) of section 621 would be pointless unless petitioner were permitted to have a copy of the membership list or extracts therefrom in his possession.
Motion granted.