**LOCAL UNIONS NO. 545, 545–A, 545–B AND 545–C INTERNATIONAL UNION OF OPERATING ENGINEERS, Defendant-Appellant,**

**v.**

**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Plaintiff-Appellee.**

**No. 499, Docket 31225.**

United States Court of Appeals Second Circuit.

Argued June 13, 1967.

Decided July 28, 1967.

J. Albert Woll, Laurence Gold, Washington, D. C. (Nathan H. Blitman, Syracuse, N. Y., on the brief), for defendant-appellant.

Robert V. Zener, Washington, D. C. (Carl Eardley, Acting Asst. Atty. Gen., Justin J. Mahoney, U. S. Atty., Alan S. Rosenthal, Dept. of Justice, Washington, D. C., on the brief), for plaintiff-appellee.

Before HAYS and FEINBERG, Circuit Judges, and McLEAN, District Judge.*

* Of the Southern District of New York, sitting by designation.

PER CURIAM:

Plaintiff, the Secretary of Labor, brought this action pursuant to Section 402(b) of the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. § 482(b)) for a judgment declaring the election of officers of defendant union held between May 25 and June 26, 1963, to be void and directing that a new election be held under the supervision of plaintiff. The amended complaint alleged that certain union members had complained to plaintiff as to the conduct of the election, that plaintiff had investigated the complaint, and that plaintiff found probable cause to believe that violations of Section 401(e) of the Act (29 U.S.C. § 481(e)) had occurred. The amended complaint alleged that a reasonable opportunity had not been afforded for the nomination of candidates and that a large number of members in good standing had been denied the right to be candidates because (a) only those members of defendant Local classified as "parent Local Union" members were eligible for nomination (i. e., "branch union" members were not); (b) only persons who had filed before January 15, 1963 a written declaration of intent to be candidates were eligible for nomination; and (c) only those members who had been in continuous good standing for one year preceding the election were eligible for nomination.

The district court upheld each of these contentions. It found that Section 401 (e) of the Act had been violated on each of the three grounds, and that each of these violations may have affected the outcome of the election. It held that the 1963 election was void. It directed that a new election be held at which none of the three rules found invalid should apply, i. e., the "branch restriction rule," the "continuous good standing rule," and the "declaration of candidacy rule."

Appellant union does not challenge the district court's determination that the declaration of candidacy rule and the continuous good standing rule were invalid. Appellant concedes, for the purposes of this appeal, that the district court's direction to hold a new election was proper. Appellant limits its attack upon the judgment below to that part of the judgment which found the branch restriction rule to be invalid. Appellant contends that this determination was erroneous on two grounds: (1) the Secretary of Labor had no power to raise the question in this action, and the district court had no power to pass upon it, because the complaint filed by the union members with the Secretary did not challenge the election on that ground; (2) in any event, the branch restriction rule does not violate Section 401(e) of the Act.

We agree that the Secretary may not seek to invalidate a union election, in an action brought under Section 402(b) of the Act, upon a ground which was not included in the complaint made to him by union members pursuant to Section 402(a). We have recently so held in Wirtz v. Hotel, Motel and Club Employees Union, Local 6, 381 F.2d 500 (2d Cir. July 28, 1967). It is clear that the branch restriction rule was not embraced within the union members' complaint to the Secretary. Therefore, the district court erred in passing upon the validity of this rule and in directing that the rule should not apply in the new election.

Although the district court's ruling made branch union members eligible for nomination as candidates in the rerun election ordered by the court, it appears that no branch union member was elected to office in that election. In view of this fact, and since appellant does not challenge the district court's determination on the other two grounds, and concedes that the judgment was proper in so far as it directed a new election, the district court's error was harmless, and the judgment below must be affirmed. 28 U.S.C. § 2111; Fed.R.Civ.P. 61.

It is therefore unnecessary for us to consider the merits of appellant's second contention that the branch restriction rule does not violate Section 401(e) of

the Act. We also leave open the question as to whether there may be cases where a union eligibility rule is so clearly unlawful that, in directing, pursuant to Section 402(c) of the Act, that a new election be held "so far as lawful and practicable, in conformity with the constitution and bylaws of the labor organization," the district court may determine that a provision of the constitution or bylaws is unlawful and hence that it shall not apply to the new election, even though this provision was not a ground of the court's decision invalidating the prior election.

The judgment is affirmed.