**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**LOCAL UNION NO. 257, GLASS BOT-TLE BLOWERS ASSOCIATION, Defendant.**

**Civ. A. No. 427–66.**

United States District Court
D. New Jersey.

Oct. 2, 1967.

David M. Satz, Jr., U. S. Atty., by Jonathan Kohn, Asst. U. S. Atty., and Harland F. Leathers, Atty., Dept. of Justice, Newark, N. J., Beate Bloch, Atty., Dept. of Labor, New York City, for plaintiff.

Plone, Tomar, Parks & Seliger, by Albert K. Plone, Camden, N. J., for defendant.

## OPINION

COHEN, District Judge:

The defendant-union seeks a partial summary judgment on one of two issues raised by the plaintiff-Secretary of Labor in his complaint alleging that an election held by the Union violated the provisions of Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. Subchapter V, Sec. 481 et seq.

The election in dispute was conducted on October 20, 1965. Thereafter, protest within the Union was lodged by one of its members, Herbert Chambers, a defeated presidential candidate. The attack of Chambers related solely to alleged deficiencies in the notice of the election given by the Union to its members. When Chambers did not prevail and his internal remedies had been exhausted, he filed complaint with the Secretary renewing his charge of inadequate election notice. In the course of the Secretary's investigation he determined that, in addition to the notice deficiency complained of by Chambers, the Union's 75% meeting attendance rule[1] was unreasonable in that it barred 98% of its members from being candidates for office and thus violated section 401(e) of the Act (29 U.S.C. § 481(e))[2] and substantially af-

---

1. Article IX, Section 1 of the Constitution of the Glass Bottle Blowers Association provides that "all candidates for office, before nomination, must have attended 75% of the meetings for at least two years prior to the election."

2. "In any election required by this section which is to be held by secret bal-

lot a reasonable opportunity shall be given for the nomination of candidates and every member in good standing shall be eligible to be a candidate and to hold office (subject to section 504 [not pertinent here] of this title and to reasonable qualifications uniformly imposed * * *." (Bracketed portion supplied.) 29 U.S.C. § 481(e).

fected the outcome of the election. Thereafter, on March 29, 1966, the Secretary communicated a summary of his investigative findings to the Union, asking for a reply within 10 days whether any remedial action was contemplated by the Union. No response was forthcoming. The Secretary then instituted the present action on April 25, 1966, attacking the validity of the election on two grounds: (1) the deficiency of notice complained of by Chambers and (2) the effect of the 75% meeting attendance rule, raised by the Secretary following his investigation of Chambers' complaint. It is upon the latter issue, admittedly unchallenged within the Union, that partial summary judgment is sought.

On this motion, the plaintiff resists the relief requested by the defendant on two grounds: (1) Congress never intended to limit the Secretary's remedial action only to those matters on which specific complaint was made by a union member; and (2) the Union was afforded ample opportunity to consider and remedy the matter independently raised by the Secretary's investigation, but it failed to do so.

■ The Secretary takes the broad position that once he investigates a complaint regarding an election and finds that there is probable cause to set the election aside and to that end seeks an order of the District Court, he can raise any additional ground, whether or not a member has specifically complained and regardless of whether that issue has been exhaustively reviewed within the union; he urges that when his offices are properly employed, the public interest requires that the ambit of his authority to judicially complain be coextensive with the results of his investigation, and that it should not be circumscribed by an initiating complaint.

The movant-union takes the position that the Secretary's authority, under section 402(a) and (b) of the Act, 29 U.S.C. § 482(a) and (b),[3] is limited to his right to bring a suit to set aside an election only upon the grounds asserted by an aggrieved union member. And, further, that notice to the Union of the Secretary's investigative findings and a request for union remedial action is not a substitute for the requirement of a member's complaint with consequent internal review and remedy.

This Court agrees with the position taken by the Union and partial summary judgment on the issue of the 75% meeting attendance rule raised in the present proceeding will be granted. Such an issue has been amply litigated and carefully decided. The only suit authorized under section 402 of this Act is one by the Secretary to set aside an election of which an aggrieved union member has complained, i. e., upon the ground urged by the member's complaint. Wirtz v. Local Unions 410 etc. Int'l Union Operating Engineers, 366 F.2d 438 (2 Cir. 1966). As stated by the Court at page 442:

"* * * because Title IV does not permit the Secretary to seek either to enjoin future elections, or to declare a given candidacy requirement unlawful absent a valid complaint and an investigation of its application to a specific election, * * * we conclude that we have no power to afford the Secretary relief * * *"

■ So circumscribed by statute to investigations of complaints made by an aggrieved union member, the Secretary

---

3. "(a) a Member of a labor organization—
(1) who has exhausted the remedies available under the constitution and by-laws of such organization and of any parent body,
        *       *       *       *       *
may file a complaint with the Secretary * * * alleging the violation of any provision of section 481 of this title * * *

(b) The Secretary shall investigate such complaint and, if he finds probable cause to believe that a violation of this subchapter has occurred and has not been remedied, he shall * * * bring a civil action * * * to set aside the invalid election. 1"

is not given blanket authority to enter into all facets of a union election and champion by suit under the Act any phase of the election which he may deem improper, absent a specific complaint of a member which has been subjected to union review for the purposes of affording internal remedy. Calhoon v. Harvey, 379 U.S. 134, 140, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964); Wirtz v. Local 153, Glass Bottle Blowers Association, 372 F.2d 86 (3 Cir. 1966).

The Act may well confer upon the Secretary a broad investigative power regarding a challenged election upon the complaint of a union member, but his power to sue is confined to the complaints initiated by a union member and which complaints have had, as a condition precedent, review and possible resolution within the union, Wirtz v. Local Union 169, Int'l Hod Carriers, etc., 246 F.Supp. 741, 752 (D.Nev.1965); Wirtz v. Local 406 etc. Hoisting and Portable, IUOE, 254 F.Supp. 962 (E.D.La.1966).

In the *Local 406* case, the Secretary urged the same proposition regarding extended scope of judicial complaint as he does here. That Court rejected such a contention, ruling that a complaint must be based upon the specific grounds, the remedies for which have already been exhausted within the union. This seems to reasonably accord with the Congressional intent of the Act, that is, to preserve democratic action within the union's government machinery, rather than to make the Secretary of Labor the *alter ego* of all union members with respect to their internal elections. Consonant with the public interest concept advanced by the Secretary, it is the view of this Court that the interests of the public, as well as those of the union and its members, are better served by having due regard for the union's internal procedure. In the recent case of Wirtz v. Hotel, Motel & Club Employees Union, Local 6, 381 F.2d 500 (2 Cir. July 28, 1967), is contained the following observations:

"It thus appears from the language of the statute itself that the Secretary may proceed to vindicate only those violations with respect to which he has received complaint. The legislative history reveals that Congress intended that the Secretary should have the power to bring an action only after a complaining member has exhausted his union remedies. See, for example, remarks of Senator Kennedy, June 12, 1958, Legislative History, supra, at 1093; S.Rep. No. 1684, 85th Cong., 2d Sess. (1958), reprinted in Legislative History, supra, at 701.

The Secretary argues strongly for a general power to protect the public interest, but nothing in the statute or in its legislative background suggests the existence of any such general power. The Secretary's function is, in Senator Kennedy's words, to act as 'the [complaining] union member's lawyer.' See Legislative History, supra, at 1093.

A suit to declare a union election void 'may only be brought after a union member has made a proper complaint to the Secretary'." [citations omitted.]

See also Operating Engineers, Locals 545 et al. v. Wirtz, 381 F.2d 448 (2 Cir. July 28, 1967).

██ Under the statute involved here specific powers have been conferred upon the Secretary to investigate particular complaints and, thereafter for probable cause, to institute civil actions in the United States Courts for relief. Such statutory power is self-contained, as it must be in our system of jurisprudence. The issue confronting us is not one calling into question the integrity of the Secretary of Labor or the exercise of good faith in his performance of the duties imposed upon him by Congress as he understands such duties to be. Rather, broad principles of Constitutional Law with concomitant power and authority confront us. The statute speaks of particular power and authority when a member of a union makes a complaint. The lesson of history teaches that the enlargement of a particular power, however benevolent, all too frequently leads to abuse and disastrous consequence. A careful reading of section 402 of this Act leads to the conclusion that it was design-

ed to assist an aggrieved unionist in particular circumstances, with due regard for the democratic processes within the union itself, rather than to bestow upon the Secretary an arbitrary police power to be exercised by him without limitation. This is a remedial statute warranting narrow construction. Wirtz v. Local 410 etc., ante; Wirtz v. Hotel, Motel & Club Employees Union, Local 6, ante. Otherwise, traditional judicial concepts of the particularization of specific statutory powers would be defeated. For the genius of the constitutional delegation of power is the vitalizing principle that such must be specific and reasonable and that its exercise be confined to clearly delineated statutory perimeters. This seems especially so, in the instant case involving the sensitive areas of labor-management relationships.

Counsel for the defendant shall submit an appropriate order.